## Devlin, Appellant, *v.* Grabler Manufacturing Corp. et al.

Argued October 30, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Maurice S. Levy,* for appellant.

*James McG. Mallie,* for appellee.

OPINION BY RHODES, J., January 28, 1943:

The court of common pleas, having no jurisdiction in a workman's compensation case in the absence of an appeal, held that jurisdiction was not conferred on stipulation by counsel for the parties that the case should be heard as though an appeal had been taken by claimant from the decision of the Workmen's Compensation Board dismissing his claim petition and disallowing compensation.

It appears that claimant filed a claim petition to which answer was made, and that a hearing was held before a referee on May 12, 1938. The referee made an award, and, on appeal by defendant, the board affirmed. Defendant then appealed to the Court of Common Pleas of Philadelphia County, and a writ of certiorari was issued to the board on July 6, 1939, and exceptions filed. While the appeal was pending the board granted defendant's petition for rehearing, and the record was returned to the board from the court. After such hearing the referee again made an award of compensation, and on appeal by defendant the board, on January 19, 1942, set aside certain findings of fact and conclusions of law of the referee and the order of award, substituted its own findings and conclusions, and disallowed compensation. From this action of the board no appeal has been taken to the court of common pleas, and the record remains with the board. On February 16, 1942, counsel for claimant

and defendant entered into a stipulation "that this case shall be accepted by the Court of Common Pleas No. 7 as if an appeal had been taken by the claimant from the second decision of the Workmen's Compensation Board and upon filing of exceptions by the claimant that this case shall come for argument before the Court of Common Pleas No. 7 as if an appeal had been taken by the claimant from the second decision of the Workmen's Compensation Board." Exceptions were filed of record on the same day.

There having been no appeal by claimant there was consequently no record before the court to which claimant's exceptions would apply. It is true, as argued by claimant, that there had been an appeal by defendant from the board's award in his favor; but before that appeal had been disposed of in the court of common pleas the board granted a rehearing and the record was returned to the board. See section 426 of the Workmen's Compensation Act of 1915, as amended and reenacted by the Act of June 21, 1939, P. L. 520, §1, 77 PS §871. Thereafter, on appeal from the referee by defendant, the board disallowed compensation. If claimant desired to have this order reviewed by the court of common pleas the burden was on him to take an appeal. We find no authority to the effect that the stipulation which was filed after the time for taking an appeal by claimant had expired could be a substitute for an appeal, or that it could act as an appeal nunc pro tunc. Section 427 of the Workmen's Compensation Act of 1919, as amended and reenacted by the Act of June 21, 1939, P.L. 520, §1, 77 PS §§872, 873, 874, 875, 876, provides in part as follows: "Any party may appeal from any action of the board on matters of the law to the court of common pleas ...... Such appeal must be brought within twenty days after notice of the action of the board has been served upon such party, unless any court of common pleas to which an appeal lies

shall, upon cause shown, extend the time herein provided for taking the appeal. The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed, and shall file, either with his notice of appeal, or within thirty days thereafter, such exceptions to the action of the board as he may desire to take, and shall specify the findings of fact, if any, of the board or of the referee sustained by the board, which he alleges to be unsupported by competent evidence.

"Upon filing of the notice of an appeal, the prothonotary of the court of common pleas to which the appeal has been taken shall issue a writ of certiorari directed to the board, commanding it, within ten days after service thereof, to certify to such court its entire record in the matter in which the appeal has been taken. ...... The board shall, within ten days after such service, certify to such court its entire record in the matter in which the appeal has been taken, including the notes of testimony."

It thus appears that in order to perfect an appeal it is necessary that the prothonotary issue a writ of certiorari "upon filing of the notice of an appeal." Until this is done the record remains with the board. The court of common pleas is given no power to extend the time for taking an appeal from the board except "upon cause shown." Under this section of the act we have held that an appeal from the board must be taken within the prescribed time unless the court of common pleas upon application made within the statutory period extends the time for the taking of such appeal. *Walatka v. Levin et al.* (1930), 100 Pa. Superior Ct. 489, 492-494; *Wilson v. National Freight and Delivery Co. et al.* (1933), 108 Pa. Superior Ct. 472, 474, 165 A. 259.

It is not, and it could not be, argued that the court below had acquired jurisdiction in the prescribed statutory manner over the action which had been adjudicated adversely to claimant by the board and with which the record is still lodged. No agreement of the parties could give power to the court to consider and determine a matter over which it could exercise no jurisdiction, otherwise, there would be no finality to litigation. The stipulation does not attempt by agreement to extend the time for taking an appeal; it presents to the court a proposition impossible of acceptance—that it exercise judicial power over a controversy not in court or within its control.

The right of appeal from the board to the court of common pleas is given by section 427 of the Workmen's Compensation Act, 77 PS §872, but it is provided in that section, 77 PS §873, that an appeal must be brought within the time and in the manner prescribed. It is the general rule that statutes requiring appeals to be taken and perfected within a certain time are mandatory and jurisdictional, and that the time cannot be extended by agreement or stipulation. 3 C. J. §1083, p. 1074; 4 C. J. S., Appeal and Error, §458. Where there is a statutory provision to extend the time or grant relief, a party, to be entitled to an extension of time or to relief in case of failure to proceed in time, must apply for such extension or relief in the manner and within the time, if any, fixed by the statute; and he must bring his case within the causes and conditions prescribed thereby. 3 C. J. §1078, p. 1070; 4 C. J. S., Appeal and Error, §458.

In *Harris v. Mercur (No. 1)*, 202 Pa. 313, at page 318, 51 A. 969, at page 971, the applicable principle has been broadly stated in these words: "The commands of a statute cannot be waived or dispensed with by a court. They require implicit obedience as well from the

court as from its suitors: *Bleecker v. Wiseburn,* 5 Wend. [N.Y.] 136."

In *Wise v. Cambridge Springs Borough,* 262 Pa. 139, 104 A. 863, our Supreme Court, in considering the time limitation for taking an appeal to the Workmen's Compensation Board from an award or disallowance of compensation by a referee under section 419 of the Workmen's Compensation Act of June 2, 1915, P.L. 736, held that the board had no jurisdiction to allow an appeal nunc pro tunc. In its opinion the court went on to say (pp. 142, 143) : " 'Where [an act of assembly] fixes the time within which an act must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc': *Schrenkeisen et al. v. Kishbaugh, Coslett et al.,* 162 Pa. 45 [29 A. 284]." See *Rumsey's Case,* 135 Pa. Superior Ct. 515, 517, 7 A. 2d 43; *Gordon et al v. Tomei et al.,* 144 Pa. Superior Ct. 449, 460, 19 A. 2d 588; *Seem's Estate,* 341 Pa. 198, 200, 19 A. 2d 60. There may be exceptions as, for example, where the presence of fraud or its equivalent is shown. *Nixon v. Nixon,* 329 Pa. 256, 260, 198 A. 154; *Higgins v. The Educators,* 147 Pa. Superior Ct. 400, 403, 24 A. 2d 19.

In the present case it is especially apparent that claimant has no standing. In the first place he took no appeal from the board's order of disallowance of compensation within or after the statutory period. Second, he made no application to the court of common pleas to have the time for taking an appeal extended for cause shown. Third, no fraud or its equivalent appears. It follows that in the absence of an appeal by claimant the court below was without jurisdiction to act, and that the stipulation was no substitute for a timely appeal. As to jurisdiction, see *Susquehanna*

222

*County Auditors' Report,* 123 Pa. Superior Ct. 195, 187 A. 78.

Order is affirmed.