# Tuttle Unemployment Compensation Case.

Argued October 28, 1946. Before BALDRIGE, P. J., RHODES, RENO, ROSS and ARNOLD, JJ. (HIRT and DITHRICH, JJ., absent).

*Maxwell L. Ominsky,* with him *Joseph Ominsky,* for appellant.

*Richard H. Wagner,* Assistant Special Deputy Attorney General, with him *R. Carlyle Fee,* Assistant Special Deputy Attorney General, *Charles R. Davis,* Special Deputy Attorney General, and *James H. Duff,* Attorney General, for appellee.

OPINION BY RHODES, J., December 12, 1946:

This appeal seeks the reversal of the decision of the Unemployment Compensation Board of Review affirming the referee who dismissed claimant's petition on the ground that claimant's appeal from the decision of the Department of Labor and Industry was not filed within ten calendar days after notification of such decision had been mailed to claimant, as required by section 501 of the Unemployment Compensation Law, December 5, 1936, 2d Ex. Sess. P. L. (1937) 2897, art. 5, as last amended by the Act of May 29, 1945, P. L. 1145, § 11, 43 PS § 821.

Claimant concedes that she received the notice of disallowance of her claim on October 5, 1945, from the Department of Labor and Industry (Bureau of Employment and Unemployment Compensation) ; and that she did not file an appeal within the statutory period.

Claimant contends, however, that she was misinformed and misled by the bureau's representatives as to the filing of an appeal.

It is the general rule that where an act of assembly fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc. *Wise v. Cambridge Springs Borough,* 262 Pa. 139, 142, 143, 104 A. 863. But we have recognized certain exceptions; for example, where the presence of fraud or its equivalent is shown. *Nixon v. Nixon,* 329 Pa. 256, 260, 198 A. 154; *Higgins v. The Educators,* 147 Pa. Superior Ct. 400, 403, 24 A. 2d 19. We have also specifically said that where a person is unintentionally misled by an officer who is authorized to act in the premises, courts will relieve an innocent party of injury consequent on such misleading act, where it is possible to do so. *Layton v. Unemployment*

*Compensation Board of Review,* 156 Pa. Superior Ct. 225, 226, 40 A. 2d 125; *Horn v. Lehigh Valley R. Co.,* 274 Pa. 42, 44, 117 A. 409. See, also, *Horton v. West Penn Power Co. et al.,* 119 Pa. Superior Ct. 465, 473, 180 A. 56; *Meyers v. Lehigh Valley Transportation Co. et al.,* 138 Pa. Superior Ct. 569, 571, 10 A. 2d 879.

The board determined from all the evidence in the case that claimant knew she would have to take further steps to complete an appeal, beyond indicating an intention to file an appeal; and that she was not misinformed as to her right to appeal, nor was she prevented from taking a proper appeal by any action of the bureau's representatives.

It is not only conceded, but the record shows, that the appeal was not filed within the statutory period. The burden of proof was on claimant to establish that she was actually misled. Her allegation was rejected by the board. The board was obliged to recognize that there could be no extension of time for taking the appeal in the present case as a matter of indulgence, and that the law fixing the period within which such an appeal shall be taken cannot be arbitrarily overridden. See *Adelman v. John McShain, Inc.,* 148 Pa. Superior Ct. 138, 142, 24 A. 2d 703.

Claimant had been employed as a welder in a defense plant from which position she was laid off on August 18, 1945, due to lack of work. On September 19, 1945, she registered for work and filed an application for benefits. At this time claimant was offered referrals to work vacancies in two department stores, since her registration revealed that prior to her work in a defense plant she had had retail selling experience. She refused to apply for the work to which she was referred, assigning several reasons for considering the work unsuitable. On September 28, 1945, claimant filed a waiting week claim for the week ending September 27, 1945. At that time or on October 4, 1945, she was verbally informed

that she was considered ineligible for benefits by reason of her refusal to accept the referrals. At the same time, according to her testimony, she was advised by an interviewer that it would not be necessary to report any longer in view of her ineligibility. She also testified that she told the interviewer that she did not agree with the decision, and that she wished to appeal.

On October 4, 1945, the bureau mailed to claimant a formal written notice of its decision disallowing her claim on the ground that the unemployment was due to her refusal to apply for suitable work within the meaning of section 402 (a) of the Unemployment Compensation Law, as amended, 43 PS § 802 (a). In the same decision claimant was declared ineligible by reason of having limited her availability for work within the meaning of section 401 (d) of the act, as amended, 43 PS § 801 (d). Claimant admittedly received the notice from the bureau on October 5, 1945. The notice was specific as to the date the appeal period expired, as to the finality of the decision in the event of no appeal, and as to the name and address of the office where the appeal must be filed. Claimant did not testify that she failed to comprehend or understand the notice, and there is no convincing testimony that she appeared at the local office in Chester between October 4, and November 13, 1945. It is immaterial whether she filed her appeal on November 13th or November 29th. Her testimony indicated the former, while the bureau's records indicated the latter. Claimant's explanation of the delay was that: "At the time I was supposed to make my appeal, there was sickness in my daughter's family . . ." To be of assistance she went to Jersey City, New Jersey, where her daughter lived. She testified that upon her return to Chester she was unable to report to the local office for several weeks, as she was taking care of her grandchild, a child of her ill daughter. We are unable to gather from the testimony any facts which would re-

quire a finding, or any set of facts from which it would be necessarily inferred, that claimant was misled by a representative of the bureau, or that her failure to file the appeal within the time limit was attributable to the conduct of the bureau or any of its representatives. On the other hand, the findings of the board are supported by the evidence. See section 510 of the act, 43 PS § 830. The determination of the question of law involved depends upon the facts which were found. They support the conclusion that the running of the statute was not tolled, and they sustain the decision of the board in dismissing claimant's appeal.

Claimant relies principally upon *Layton v. Unemployment Compensation Board of Review,* 156 Pa. Superior Ct. 225, 40 A. 2d 125. In that case the bureau mailed to the claimant a letter notifying him of the disallowance of his claim, which ended with the following paragraphs: "If you do not agree with our decision, you must notify us within ten days from date or you will forfeit all rights to dispute your claim." This was the only notice of the decision received by the claimant. We held that the letter was misleading, and that claimant's reply was a strict compliance with instructions contained in the letter of notification. Consequently, we reversed the board, and remitted the record for hearing and determination on the merits.

In the present case claimant received an official notice of decision which gave instructions as to the method and time for filing an appeal, together with ample warning as to the finality of the decision unless an appeal was filed before the expiration of the appeal period, the date of which appeared upon the face of the notice. As found by the board, she was not misled.

The decision of the board is affirmed, and the appeal is dismissed.