Turner Unemployment Compensation Case.

Turner, Appellant, *v.* Unemployment Compensation Board of Review.

Argued April 13, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*William George Negley,* with him *Negley & Negley,* for appellant.

*Roland M. Morgan,* with him *R. Carlyle Fee,* Assistant Special Deputy Attorney General, *T. McKeen Chidsey,* Attorney General and *William L. Hammond,* Special Deputy Attorney General, for appellee.

OPINION BY FINE, J., July 23, 1948:

Does section 501(e) of the Unemployment Compensation Law [1] permit a party aggrieved by a decision of

---

[1] Section 501(e) provides: "Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within ten (10) calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith. In the event that an appeal is filed with the board, the payment of any contested amount of compensation shall be withheld pending determination of the claim, but any uncontested amount of compensation allowed in any decision shall be paid notwithstanding any appeal which may thereafter be taken: Provided, That when a referee or the board affirms a decision of the department allowing compensation, such compensation shall be paid

the bureau to appeal to the board notwithstanding more than ten days have elapsed since receipt of notice thereof from the bureau, where there is neither allegation nor proof that claimant was deprived of his rights by fraud or its equivalent, i. e., wrongful or negligent conduct of administrative authorities? That is the sole question to be determined on this appeal by Sylvester Turner from an order of the Unemployment Compensation Board of Review affirming disallowance of his appeal by the referee because it was not filed within the ten-day period required by the Unemployment Compensation Law, supra.

Claimant, on May 10, 1946, was employed by the Carnegie Illinois Steel Company, Homestead, Pennsylvania, as a laborer. On that date he was notified that because of a strike by coal miners the resulting lack of coal compelled a shutdown of the plant, and on May 17, 1946, he was laid off. After the strike ended, claimant did not return to work. Instead, he informed his employer on July 2, 1946, that he would seek work elsewhere.

On July 21, 1946, Turner filed his claim for unemployment compensation benefits for weeks ending July 28, August 4 and August 11, 1946. The bureau, on August 16, 1946, disallowed benefits assigning as the reason that claimant had disqualified himself by having voluntarily left his employment, without cause, within the meaning of section 402(b) of the Unemployment Compensation Law, 43 PS §802(b). Nineteen days thereafter, on September 4, 1946, claimant filed his appeal and the matter was referred to a referee. The referee disallowed [2] the appeal on January 13, 1947, because it had not been filed within the ten-day period

notwithstanding any further appeal. As amended 1942, Ex. Sess., April 23, P. L. 60, § 5; 1945, May 29, P. L. 1145, § 11." 43 PS § 821(e).

[2] The referee, on October 23, 1946, originally allowed the appeal *nunc pro tunc* and awarded benefits but after reconsideration reversed his original decision.

prescribed by section 501(e), supra, wherefore, he was "without jurisdiction to entertain the appeal." The board, on March 31, 1947, affirmed the decision of the referee. This appeal followed.

Claimant argues that the appeal should have been allowed for the reasons that (1) the tardiness was due to illness of his counsel, and (2) the board waived the provisions of the Act by allowing the appeal in the first instance and referring it to a referee. The board contends the time limitation provision of the statute is mandatory and that it is without power to waive the provisions thereof except in circumstances not present here. The contentions of the board must be sustained.

The language of section 501(e) supra, provides that "Unless the [party aggrieved] . . . files an appeal with the board, from the determination contained in any notice required to be furnished by the department . . . within ten (10) calendar days after such notice was . . . mailed to his last known post office address, . . . such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith." Such statutory provision is mandatory.

"The mandatory or directory nature of a statute depends on whether the thing directed to be done is of the essence of the thing required: Singer v. Delaware L. & W. R. R. Co., 254 Pa. 502, 505; Socialist Labor Case, 332 Pa. 78; Deibert v. Rhodes, 291 Pa. 550; Norwegian Street, 81 Pa. 349, 354. A mandatory provision is one the failure to follow which renders the proceeding to which it relates illegal and void. A directory provision is one the observance of which is not necessary to the validity of the proceeding. See Deibert v. Rhodes, supra. 'When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice': Harris v. Mercur (No. 1), 202 Pa. 313, 318": *American Labor Party Case,* 352 Pa. 576, 579, 44 A. 2d 48. The essence

of the thing required is that within ten days after notice a party aggrieved by the determination of the bureau must file an appeal with the board. Failure so to do precludes him from thereafter challenging the facts set forth in such notice. The facts determined against claimant are that "The claimant separated himself from his employment when he failed to return after the industrial dispute of the coal miners was settled and further on 7/2/46 he informed the employer that he would seek work elsewhere."

The provisions of the Act being mandatory, the burden was upon claimant to show facts which would bring the case within the principle that where a party has been prevented from doing an act through fraud or its equivalent, i. e., ignorant or negligent acts of an administrative official, power exists to allow an appeal *nunc pro tunc* if prosecuted within a reasonable time. See *Nixon v. Nixon,* 329 Pa. 256, 260, 198 A. 154; *Tuttle Unemployment Compensation Case,* 160 Pa. Superior Ct. 46, 49 A. 2d 847; *Commonwealth v. Schneiderman,* 162 Pa. Superior Ct. 461, 58 A. 2d 196; *Pittsburgh v. Ruffner,* 134 Pa. Superior Ct. 192, 4 A. 2d 224. Mere hardship is not sufficient: *Tuttle Unemployment Compensation Case,* supra. A claimant's illness (*Marcus v. Cohen,* 94 Pa. Superior Ct. 383), or the neglect of an attorney (*Wise v. Cambridge Springs Borough,* 262 Pa. 139, 104 A. 863) have been held to be insufficient to permit an appeal *nunc pro tunc.* Nor can the mandatory requirements be waived by agreement: *Devlin v. Grabler Manufacturing Corp.,* 151 Pa. Superior Ct. 216, 30 A. 2d 138. See 3 C. J. §1083, p. 1074; 4 C. J. S. §485. The rule of strict adherence to such mandatory provisions and the requirement of proof of extraordinary circumstances to warrant allowance of an appeal *nunc pro tunc* in matters relating to the time within which appeals must be perfected is a salutary one. If the rule were otherwise, finality of judicial and administrative procedure would be uncertain.

Claimant did not file his appeal within the time required by law; nor has he sustained the burden of showing that he was "misled by an officer who [was] authorized to act in the premises": (*Tuttle Unemployment Compensation Case,* supra); that there was neglect upon the part of an administrative officer; or any other circumstances from which fraud or its equivalent could be determined. Notwithstanding failure to seasonably appeal to the referee from the bureau's decision, the appeal to this Court was properly taken.[3]

Decision affirmed.

---

[3] Section 509 of the Unemployment Compensation Law as last amended by the Act of 1942, P. L. 60, §5, 43 PS §829, provides: "Any decision made by the department or any referee or the board shall become final ten days after the date thereof, unless appealed from, as hereinbefore provided; but any decision of the board or of a referee, where an appeal has been disallowed by the board, shall nevertheless be subject to appeal to the Superior Court after the same has become final."