## Commonwealth v. Williams

*Robert E. Woodside*, Attorney General, and *Elmer T. Bolla*, Deputy Attorney General, for Commonwealth.

*Herman Toll*, for appellant.

SMITH, J., December 10, 1951.—The question before us is whether Joseph N. Williams shall be permitted to file an appeal to this court nunc pro tunc from an

order of the State Real Estate Commission (hereinafter called commission) revoking his license as a real estate broker. The issue is raised by petition of Williams on which a rule was issued to show cause why such appeal should not be allowed; an answer filed thereto on behalf of the commission; and certain exhibits made a part of the record by mutual agreement in lieu of taking depositions; and all after the matter had been placed on our Commonwealth argument list by counsel for Williams on petition and answer alone, although actually argued before the court en banc as though the averments set forth in these exhibits were in the record.

The controlling facts, as we find them to be, are as follows:

Williams, a resident of the City of Philadelphia and then a licensed real estate broker, was on November 29, 1950, duly cited to appear before the commission to answer a certain complaint made against him by a third party. The hearing on this complaint was held December 14, 1950. Williams appeared at the hearing without counsel. The attorney for the commission advised Williams that he was entitled, if he so desired, to be represented by counsel. Williams, however, elected to act for himself and the hearing was held. At the conclusion thereof, Williams was advised by the attorney for the commission that, if the decision was adverse to him, he could appeal to this court. Thereafter, the commission entered the following order, which was received by Williams on March 5, 1951:

"And now this Second day of March, 1951, the State Real Estate Commission after consideration of the testimony herein, does hereby revoke the license of Joseph N. Williams of 1527 West York Street, Philadelphia, Pennsylvania, to act as a real estate broker.

Revocation to be effective thirty (30) days from date of service of copy of this order upon respondent.

LEONARD P. KANE, Chairman."

Thereupon, on March 22, 1951, Williams forwarded to the Department of Public Instruction at Harrisburg two copies of an appeal to this court from the above order. This appeal was signed by him. It was also sworn to by him on the "————— day of March, 1951." On March 27, 1951, the two copies of the appeal in question were returned to Williams by the Department of Public Instruction. In so doing, Williams was advised by Edward R. Innes, Chief of Law Enforcement, as follows:

"This will acknowledge receipt of your letter of March 22, 1951, enclosing two copies of an appeal from the order of the State Real Estate Commission.

"I am enclosing these copies in order that you may have the date inserted on which they were sworn to. *The commission also assumes that you have filed a notice of your appeal in the Office of the Prothonotary of Dauphin County, as provided under section 10(d) of the Real Estate Broker's License Act.* It is not necessary to file more than one copy of the notice of appeal with the commission. I suggest that the commission's notice be returned to this office." (Italics supplied.)

Thereafter, on April 9, 1951, Williams still acting for himself and after a conference had the same day by him with counsel for the commission, filed his appeal in this court to Commonwealth dkt., 1951, no. 69.* His affidavit to this appeal was made on March 22, 1951. Subsequently, Williams retained counsel who, on Au-

---

* The reasons assigned in the appeal are that the order of the commission was against the evidence, the weight of the evidence, and the law. We are not here required to pass upon the sufficiency of such general reasons.

gust 21, 1951, presented the petition on which the in-stant rule to show cause was entered.

Under the above recited facts, does this court have the power to allow Williams to file an appeal nunc pro tunc from the order of the commission revoking his real estate broker's license? We think not.

The license in question was issued to Williams under the Real Estate Broker's License Act of May 1, 1929, P. L. 1216, as amended. Section 10 thereof, entitled "Investigation of complaints; grounds of suspension or revocation of licenses; hearings; review," as amended by section 1 of the Act of May 25, 1945, P. L. 1023, and section 1 of the Act of June 21, 1947, P. L. 767, 63 PS §440, insofar as here material, provides:

"(d) The decision of the commission in suspending or revoking any license issued under this act shall be subject to review by the court of common pleas of Dauphin County. . . . If such ruling shall be to the prejudice of, or shall injuriously affect, the licensee, the commission shall also state in said notice the date upon which the said ruling or decision shall become effective, if not theretofore appealed from, and such date shall be not less than thirty (30) days from and after the date of the said notice. . . .

"Such ruling or decision of the commission shall be final when in favor of the licensee and in dismissal of the complaint filed, if any. If against the licensee, or in any way to licensee's injury or prejudice, the licensee may, at any time prior to the date fixed by the com-mission in its said notice as the date it shall become effective, appeal from such decision to the court of common pleas of Dauphin County, by filing written notice of such appeal, together with reasons for such appeal in the office of the prothonotary of Dauphin County, and by serving a copy thereof on the com-mission, . . .

"(e) The order or ruling of the commission in any such proceeding shall become of full force and effect upon the date fixed by the commission in the said notice by it given thereof to the parties thereto, unless notice of appeal therefrom shall, prior to said day, be duly served upon the commission, as hereinbefore provided. . . ."

Under the statutory provisions above quoted, the order of the commission revoking Williams' license, hereinbefore set forth in full, became effective 30 days from the date of service thereof on him unless, prior thereto, Williams appealed therefrom to the Court of Common Pleas of Dauphin County "by filing written notice of such appeal, together with the reasons for such appeal in the office of the prothonotary of Dauphin County, and by serving a copy thereof on the commission." Admittedly, service of the commission's order was made on Williams March 5, 1951. Thus, the 30-day appeal period expired April 4, 1951. Admittedly, Williams served a copy of his appeal on the commission. Williams, however, for some unknown reason, did not actually file his appeal in this court until April 9, 1951, or five days beyond the 30-day period. And this although his appeal was executed March 22, 1951, and, further, although his attention was specifically directed to the statutory requirements when the Department of Public Instruction in the letter to him of March 27, 1951—and well within the 30-day period—said:

"The Commission also assumes that you have filed a notice of your appeal in the Office of the Prothonotary of Dauphin County, as provided under Section 10(d) of the Real Estate Broker's License Act."

The rule is well settled that where a method of procedure is provided by an act, its provisions shall be strictly pursued and exclusively applied: Arcady

Farms Milling Company v. Sedler, 367 Pa. 314 (1951) and authorities there cited, pp. 317-18. Thus, where a statute fixes the time within which an act must be done, as, for example, an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence: Wise v. Cambridge Springs Borough, 262 Pa. 139 (1918); Banks v. McClain et al., 156 Pa. Superior Ct. 512 (1945); Tuttle Unemployment Compensation Case, 160 Pa. Superior Ct. 46 (1946); Turner Unemployment Compensation Case, 163 Pa. Superior Ct. 168 (1948); Von Kaenel Unemployment Compensation Case, 163 Pa. Superior Ct. 173 (1948). It is true that, where a person is unintentionally misled as to his right of appeal by an officer who is authorized to act in the premises, courts will relieve an innocent party of injury consequent on such misleading act, where it is possible so to do. However, we cannot find that Williams was at any time misled as to his right of appeal, or as to the time it was required to be taken, or where filed, either by the commission or by counsel or agents acting for it. On the contrary, Williams deliberately ignored the mandatory provisions of the law to which his attention had been specifically directed and under which his appeal was required to be filed in this court prior to the effective date of the order of revocation. It is unfortunate that Williams persisted in acting as his own counsel until the appeal period had passed. Nevertheless, since something more than mere hardship is necessary to justify an allowance of an appeal nunc pro tunc, this court, under the decisions heretofore cited, has no power, under the facts of the instant case, to now permit such an appeal. In view of the foregoing, the contention of Williams that the commission's order here in question was defective in that the phrase "if not theretofore appealed from" was not

incorporated therein is without merit. The rule to show cause must be discharged and the appeal quashed.

And now, December 10, 1951, the rule heretofore entered August 21, 1951, upon the Real Estate Commission, Department of Public Instruction, Bureau of Professional Licensing, to show cause why defendant, Joseph N. Williams, should not be allowed to file an appeal nunc pro tunc from the order of the State Real Estate Commission entered March 2, 1951, revoking his real estate broker's license, is hereby discharged, and the appeal filed by him in this court on April 9, 1951, to Commonwealth dkt., 1951, no. 69, is hereby quashed at the cost of appellant.