The order of the court below is reversed with a procedendo.

## Gay Unemployment Compensation Case.

Argued October 2, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Edward S. Gay,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY ARNOLD, J., December 12, 1952:

In this unemployment compensation case the appellant, Edward Gay, was last employed by Horn and Hardart Baking Company. He was discharged on January 11, 1952, for sleeping on the job, and this after

repeated warnings about such conduct by the manager. On February 11, 1952, claimant registered for work and filed application for benefits in the local employment office.

On March 11, 1952, the bureau issued a decision holding that the claims were invalid because the claimant had provoked his own discharge within the meaning of §402 (e) of the Unemployment Compensation Law, 43 PS §802 (e).

Claimant filed by mail his appeal from the bureau's decision. The envelope in which the appeal was contained was postmarked, "Philadelphia, Pa., March 22, 1952, 5:30 p.m." This was one day after the decision had become final under §501 (e) of the Unemployment Compensation Law, 43 PS §821.[1] The referee, after hearing the case, dismissed the appeal for want of jurisdiction, and on April 30, 1952, the Board filed a decision affirming the referee.

There was no evidence showing anything to take the case out of the rule set forth in *Tuttle Unemployment Compensation Case,* 160 Pa. Superior Ct. 46, 49 A. 2d 847, wherein it was said at page 47: "It is the general rule that where an act of assembly fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc." See also *Turner Unemployment Compensation Case,* 163 Pa. Superior Ct. 168, 60 A. 2d 583, and *Von Kaenel Unemployment Compensation Case,* 163 Pa. Superior Ct. 173, 60 A. 2d 586. The appeal provisions are mandatory, and when no extenu-

---

[1] Under the regulation of the board, appeals made by mail will be deemed to be filed on the postmark date of mailing.

ating circumstances were shown, the claimant was necessarily precluded from having the case considered on its merits, and the Board could only affirm the referee's decision.

Order affirmed.