## McDonnell Unemployment Compensation Case.

Argued March 9, 1953. Before RHODES, P. J., RENO, ROSS and WRIGHT, JJ. (HIRT, DITHRICH and GUNTHER, JJ., absent).

No argument was made nor brief submitted for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY ROSS, J., July 14, 1953:

In this unemployment compensation case, the only question is whether the claimant, John J. McDonnell, filed a timely appeal from the decision of the bureau refusing benefits to him.

McDonnell was last employed by Koppers Company of Pittsburgh, his last day of work being April 29, 1952. He applied for benefits which the bureau refused on June 4, 1952, on the ground that he had voluntarily quit his employment with Koppers. His appeal to the referee was dismissed on the ground that it was not timely and that consequently the referee was without jurisdiction to hear the appeal. The board affirmed the referee and the claimant has taken this appeal.

By section 501(e) of the Unemployment Compensation Law, 43 PS sec. 821, the claimant was required to file his appeal within ten days after notice of the determination of the bureau was mailed to him. This appeal provision is mandatory. *Turner v. Unemployment Compensation Board of Review,* 163 Pa. Superior Ct. 168, 60 A. 2d 583; *Von Kaenel v. Unemployment Compensation Board of Review,* 163 Pa. Superior Ct. 173, 60 A. 2d 586.

Here the notice was mailed to the claimant on June 4 and his appeal was not filed until June 24. When he filed his appeal to the referee he did not allege or attempt to prove that he was misled in any way as to his rights or as to the time in which he was required to take an appeal, his only explanation for delay in filing the appeal being "I could not file this appeal sooner as I was out of the state looking for work". Clearly this explanation does not take the case out of the rule set forth by Judge (now President Judge) RHODES in *Tuttle Unemployment Compensation Case*, 160 Pa. Superior Ct. 46, at page 47, 49 A. 2d 847: "It is the general rule that where an act of assembly fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc."

The decision of the board is affirmed, and the appeal is dismissed.