Haile Unemployment Compensation Case.

Argued October 1, 1953. Before RHODES, P. J., HIRT, RENO, ROSS and GUNTHER, JJ.

*Willard C. Hetzel,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, for appellee.

PER CURIAM, November 11, 1953:
Claimant in this unemployment compensation case was laid off by his employer on December 12, 1952.

On December 23, 1952, claimant filed an application for compensation, and received benefit payments. He refused a referral. The compensation authorities found that he did not have good cause for refusing the offer, and that the work was suitable within the meaning of section 402(a) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §802, which provides: "An employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, . . . to accept suitable work when offered to him by the employment office . . ."

The claimant appealed on June 4, 1953, to this Court from the decision of the Board of Review. The Board filed a motion to dismiss pursuant to Rule 48 of this Court setting forth that the appeal was not filed within the period fixed by the statute. Section 510 of the Law, 43 PS §830, sets forth: "Every appeal to the Superior Court must be taken within thirty days after the decision of the referee or board becomes final."

On April 21, 1953, the Board had filed its decision affirming the referee's disallowance of benefits. The decision of the Board became final on May 1, 1953. Claimant did not take and perfect the appeal to this Court by filing appeal petition in the office of the prothonotary until June 4, 1953, which was more than thirty days after the decision of the Board became final, and consequently after the period for appeal had expired. *Department of Labor and Industry v. Unemployment Compensation Board of Review*, 138 Pa. Superior Ct. 99, 10 A. 2d 56. See, also, *Tuttle Unemployment Compensation Case*, 160 Pa. Superior Ct. 46, 49 A. 2d 847; *Turner Unemployment Compensation Case*, 163 Pa. Superior Ct. 168, 60 A. 2d 583; *Von Kaenel Unemployment Compensation Case*, 163 Pa. Superior Ct. 173, 60 A. 2d 586.

The statutorily prescribed period for appeal to this Court from the decision of the Board may not be judicially extended or obviated.

We might add that on the merits the evidence supported the findings of the compensation authorities and the disallowance of compensation.

Appeal is quashed.