Demcio Unemployment Compensation Case.

Argued October 6, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (HIRT, J., absent).

*Michael Demcio,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY ROSS, J., January 14, 1955:

In this unemployment compensation case, the bureau denied benefits to the claimant, Michael Demcio, on the ground that he left his employment without good cause and therefore was disqualified for benefits under Section 402 (b) of the Unemployment Compensation Law. The bureau decision was dated April 4, 1954, and, on April 7, 1954, claimant filed his petition for appeal to the referee who affirmed the bureau by a decision dated May 7, 1954. On May 26, 1954, claimant filed his petition for appeal from the decision of the referee. The Board, after taking testimony, dis-

missed claimant's appeal for the reason that it was not filed within ten days after the date of the referee's decision. Claimant has appealed to this Court.

Section 502 of the Unemployment Compensation Law (43 PS §822), provides, inter alia: "The parties and the department shall be duly notified of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the board, unless within ten days after the date of such decision the board acts on its own motion, or upon application, permits any of the parties or the department to institute a further appeal before the board." Section 501 (e) of the law (43 PS §821 (e)) deals with appeals from determinations of the department to the referee and provides that such determinations shall be final unless an appeal is filed within ten days after notice thereof.

Claimant was mailed a copy of the decision of the bureau, on the reverse side of which appeared notice that the determination would become final unless an appeal was filed within ten days from the date of the decision. Following this notice, the claimant secured and completed the proper form to perfect his appeal to the referee.

The referee decided against claimant, as hereinabove stated, and along with notice of this decision the claimant received the following information:

"This decision becomes final ten (10) days after the mailing date hereof, as indicated in the attached decision, unless a further appeal is filed within that time.

"Notice of request for further appeal should be delivered personally or by mail to the *Local Employment Office* that rendered the original decision in this case. If you write a letter or intend that same be accepted as initiating an appeal be sure to specifically state that 'I hereby file an appeal'."

From the adverse decision of the referee the claimant filed an appeal on the proper form provided by the Unemployment Compensation authorities, but not until some 19 days after receiving notice of the decision.

Claimant was not represented by counsel at the hearing before the referee but subsequent thereto, engaged counsel who represented him at the hearing before the Board.

The appeal provisions of the Unemployment Compensation Law are mandatory. *McDonnell Unemployment Compensation Case,* 173 Pa. Superior Ct. 355, 98 A. 2d 648; *Gay Unemployment Compensation Case,* 172 Pa. Superior Ct. 200, 92 A. 2d 901; *Turner v. Unemployment Compensation Board of Review,* 163 Pa. Superior Ct. 168, 60 A. 2d 583; *Von Kaenel v. Unemployment Compensation Board of Review,* 163 Pa. Superior Ct. 173, 60 A. 2d 586. Claimant recognizes this rule and seeks to avoid its application to his case by contending that he made "informal application for appeal". This contention is based upon a note signed by claimant's then counsel and directed to a "Mr. Manieri", an employe of the department. In this letter claimant's counsel stated: "Kindly take care of Mr. Michael Demcio. I will take up the matter with you later." There is nothing in the record to suggest that claimant did any more than hand the note to the appeal clerk.

We believe the letter from claimant's counsel to the department employe cannot be given any legal effect. It fails to advise the department that the claimant *then* wished to appeal the decision of referee. The most that can be said for it is that it constitutes a request by claimant's counsel to hold the matter in abeyance until counsel or claimant got around to perfect-

ing an appeal. There is nothing to indicate that the clerk acceded to the request, and it is clear that it was beyond his power to do so because the limitations on the time for appeal cannot be waived. *Turner Unemployment Compensation Case,* 163 Pa. Superior Ct. 168, 60 A. 2d 583; *Von Kaenel Unemployment Compensation Case,* 163 Pa. Superior Ct. 173, 60 A. 2d 586.

It is particularly apparent that there is no justification for the delay in the case at bar. Claimant or his counsel had taken an appeal from the determination of the department to the referee in accordance with the provision of section 501 (e) of the Law, yet failed to follow the closely similar requirements of section 502 until after the expiration of 10 days. It may be that claimant was prejudiced by the neglect of counsel but that fact cannot serve to enlarge his right to appeal. *Von Kaenel Unemployment Compensation Case,* 163 Pa. Superior Ct. 173, 178, supra. The *Von Kaenel* case sheds further light on the instant case in that there, as here, an attempt was made to avoid the requirements of section 502 by introducing a letter from counsel to the department. The *Von Kaenel* case letter stated: " 'We have received a copy of the Referee's decision in the above entitled matter and it is our desire to take an appeal from that decision. Will you please furnish us with appropriate papers for this purpose.' " Of that letter this Court stated at page 178: "It is clear that the letter was not an appeal nor was it intended to serve as an appeal. It merely evidenced a present desire or intent to take an appeal which could either be perfected or abandoned before the expiration of the appeal period." We held the letter to be without legal effect. The communication before us in the case at bar is not nearly so specific and, of course, can be given no greater effect.

We might add that on the merits the evidence supported the findings of the referee and the disallowance of compensation.

Decision affirmed.