Anthony et ux., Appellants, *v.* Sanitary Water Board.

Argued March 24, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Robert C. Grasberger,* for appellants.

*Robert J. Trace,* Deputy Attorney General, for appellee.

*E. R. von Starck,* with him *Robert H. Young,* for intervening appellee.

PER CURIAM, April 12, 1955:

This matter is before us on petition to allow the appeal to be entered nunc pro tunc and answers thereto, and on motions to quash appeal and answers thereto.

On August 14, 1952, a hearing was held before the Sanitary Water Board upon application by appellants to conduct certain strip mining operations in Jefferson County, Pennsylvania. The application was denied by the board by adjudication and order of December 5, 1952. An appeal was taken to the Court of Common Pleas of Dauphin County. After argument the Court of Common Pleas of Dauphin County affirmed the action of the board by its decision on June 12, 1954. Appellants received notice of said decision on June 22, 1954. Appellants appealed to the Supreme Court of Pennsylvania on August 24, 1954. On December 16, 1954, appellants filed a petition with the Supreme Court to certify said appeal to the Superior Court. On January 10, 1955, appeal was remitted to this Court.

On January 26, 1955, appellants filed their petition in this Court requesting that their appeal be allowed nunc pro tunc as of June 23, 1954. The reasons given by appellants are set forth in their petition as follows:

"5. During the interim period because of the long delay in receiving the decision of the Dauphin County Court of Common Pleas, and because of the further delay of the said Court in forwarding notice of the said decision, your appellants were lulled into a sense of false security and became unaware of the urgent ne-

cessity of promptly filing an appeal with your Honorable Court.

"6. Further during the interim period, prior to the decision of the Dauphin County Court, the counsel for the appellant was elected to the Philadelphia Court of Common Pleas and the appellants new counsel was unfamiliar with the proceedings."

Motions to quash the appeal were filed on behalf of the Sanitary Water Board and by the Punxsutawney Water Service Company, intervening appellee. The reasons given in said motions to quash are that appellants failed to take their appeal within the time prescribed by law.

Section 45 of the Administrative Agency Law of June 4, 1945, P. L. 1388, as amended by the Act of September 28, 1951, P. L. 1561, §5, 71 PS §1710.45, provides as follows: "The agency, or any party affected by any decision of a court on an appeal from adjudication, may, within thirty days of the filing of such decision, appeal to the Superior Court." Appellants filed their appeal with the Supreme Court on August 24, 1954, or 73 days after the decision of the Court of Common Pleas of Dauphin County, or 63 after receipt of notice; while the appeal did not reach this Court until January 10, 1955, or 182 days after said decision.

Section 45 of the Administrative Agency Law is not merely permissive as appellants argue. Cf. *Allentown v. Pennsylvania Public Utility Commission,* 173 Pa. Superior Ct. 219, 96 A. 2d 157; *Singer v. Delaware, Lackawanna & Western Railroad Co.,* 254 Pa. 502, 98 A. 1059. Delay in the Court of Common Pleas of Dauphin County in rendering its decision, delay of ten days in forwarding notice of the decision to appellants, and the unfamiliarity of new counsel for appellants with the applicable law afford no justification for an extension

of time in taking the appeal, or its equivalent, an allowance of the act nunc pro tunc. We cannot extend the time for taking an appeal as a matter of indulgence. *Turner Unemployment Compensation Case,* 163 Pa. Superior Ct. 168, 172, 60 A. 2d 583; *Gay Unemployment Compensation Case,* 172 Pa. Superior Ct. 200, 92 A. 2d 901; *Haile Unemployment Compensation Case,* 174 Pa. Superior Ct. 86, 99 A. 2d 908.

There may be extenuating circumstances which permit appeals nunc pro tunc as where an administrative officer fails to give required notice (*Nixon v. Nixon,* 329 Pa. 256, 261, 198 A. 154; *Peter Adoption Case,* 176 Pa. Superior Ct. 6, 107 A. 2d 185), or where a party has been prevented from appealing by fraud or anything equivalent thereto, or by the wrongful or negligent act of a court official (*Singer v. Delaware, Lackawanna & Western Railroad Co.,* supra, 254 Pa. 502, 505, 98 A. 1059).

In *Ward v. Letzkus,* 152 Pa. 318, 319, 25 A. 778, it was held that the mistake or neglect of an attorney for the party desiring to appeal is not sufficient ground for relief. In the present case the most that has been shown was a mistaken belief on the part of counsel for appellants as to the court to which and the period within which an appeal could be taken from the decision of the Court of Common Pleas of Dauphin County. The alleged delay on the part of the Court of Common Pleas of Dauphin County in rendering a decision, and the lapse of ten days in the receipt of notice of such decision were not prejudicial and did not prevent or excuse compliance by appellants with the mandatory provision of the act relating to appeals.

Petition to allow appeal nunc pro tunc is dismissed, and appeal is quashed.