# Brennan Unemployment Compensation Case.

494

Submitted September 29, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (GUNTHER, J., absent).

*Margaret A. Brennan,* appellant, in propria persona.

*Sydney Reuben,* Special Deputy Attorney General, and *Herbert B. Cohen,* Attorney General, for appellee.

OPINION PER CURIAM, November 16, 1955:

In this unemployment compensation case the bureau disallowed a continuing claim of claimant for the week ending December 1, 1953, in a decision dated December 9, 1953, on the ground that the claimant was ineligible under section 402 (b) of the Unemployment Compensation Law to receive benefits because she voluntarily left her last employment without good cause on September 30, 1953. 43 PS §802 (b).

A formal appeal from the bureau's decision was filed by claimant on September 24, 1954. Testimony taken before a referee in the State of Maryland on November 3, 1954, was offered in evidence at a hearing before a referee in Pennsylvania on January 12, 1955, at which time testimony was also presented by a representative of claimant's last employer. The referee

found that claimant's appeal from the bureau's decision was beyond the appeal period allowed by law, and dismissed her petition. Claimant, on January 24, 1955, appealed to the Unemployment Compensation Board of Review; the board on March 15, 1955, issued its decision affirming the referee's decision of January 19, 1955.

The notice of the bureau's decision was duly mailed to claimant at her last known address and where she was living at the time. There was a statement on the face of the notice that the last day to file an appeal from the decision was December 19, 1953. The only excuse given for the alleged failure to receive notice of the decision is claimant's statement that her husband may have received the letter, and that that is why she did not get it. She evidenced no concern and made no inquiry for more than seven months after the filing of her claim and disposition by the bureau, and she did not formally act until September 23, 1954.

The bureau's decision became final on December 19, 1953, and the circumstances would not warrant the allowance of an appeal nunc pro tunc. See *Tuttle Unemployment Compensation Case,* 160 Pa. Superior Ct. 46, 49 A. 2d 847; *Turner Unemployment Compensation Case,* 163 Pa. Superior Ct. 168, 60 A. 2d 583; *Von Kaenel Unemployment Compensation Case,* 163 Pa. Superior Ct. 173, 60 A. 2d 586; *Gay Unemployment Compensation Case,* 172 Pa. Superior Ct. 200, 92 A. 2d 901; section 501 (e) of the Unemployment Compensation Law, 43 PS §821.

On the merits, claimant has no standing under section 402 (b) of the Law. At the hearing before the referee on January 12, 1955, a representative of claimant's last employer testified that she voluntarily left her employment, and that she stated she was retiring. At the time she was given an extra month's salary. In

a written statement dated December 7, 1953, claimant said she left her employment due to nervous tension.

Decision is affirmed.