Abrams Unemployment Compensation Case.

Argued November 16, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Jerome M. Libenson,* with him *M. D. Wedner,* for appellant.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY GUNTHER, J., January 17, 1956:

Claimant was separated from his employment on November 19, 1954, and thereafter filed an interstate benefit claim for unemployment compensation in New York City. On March 4, 1955, the bureau denied the claim on the grounds that claimant had not earned at least eight times his weekly benefit rate at his last employment and that he had voluntarily quit his previous job. Notice of the bureau's decision was mailed to claimant at his last known address in New York. On March 9, 1955, he wrote the bureau from Beverly Hills, California, where he was visiting his daughter, to the effect that he intended to appeal the decision. On March 15, 1955, the bureau sent him the necessary form for appeal petition. On March 20, 1955, he wrote a note to the bureau, from California, requesting an extension of time to perfect his appeal. He filed the required form on April 4, 1955. After a hearing in New York the referee denied benefits for lack of jurisdiction on the ground that claimant had not perfected his appeal within the time required by law. The board affirmed the referee.

Under the authority of the Unemployment Compensation Law the board had adopted Regulation 100, which provides, inter alia:

"An appeal from a decision of the Department shall be filed within the prescribed time if it is filed in the form and manner herein specified on or before the tenth day after the date on which notification of the Department's decision was delivered personally to the appellant, or mailed to him at his last known post office address.

"Use of the prescribed appeal form is not mandatory to initiate an appeal. Any written notice that may reasonably be construed as a request for an appeal, filed with or mailed to a Representative of the Board, or Department, within the prescribed period, advising that the appellant desires a review of the decision, shall be determined to initiate an appeal and will constitute an appeal from the decision of the Department, provided the appellant subsequently perfects the appeal by filing a completed appeal form within 10 days after instructions for filing the appeal form have been delivered or mailed to him at his last known post office address." It is clear that claimant failed to comply with the requirements of the regulation, since he filed the form twenty days after it was mailed to him. However, he now contends that his note to the bureau requesting an extension of time, which was unanswered, acted as an extension in itself.

The appeal provisions of the Unemployment Compensation Law are mandatory, and, when no extenuating circumstances are shown, one who has failed to appeal within the time prescribed is necessarily precluded from having the case considered on its merits. *Gay Unemployment Compensation Case,* 172 Pa. Superior Ct. 200, 92 A. 2d 901. Claimant cites *Gill Unemployment Comp. Case,* 165 Pa. Superior Ct. 605, 70 A. 2d 422, as an allegedly similar situation to this. In that case the bureau denied the claim and so wrote claimant on February 16; she replied on February 21 by a note that the bureau did not construe as an appeal; on February 23 the bureau sent her (in California) the required form, which she completed and returned March 1, more than ten days after the bureau's original letter. The court in the *Gill* case held that the claimant had been misled by the bureau. That is distinguishable from the present case because here the bureau accepted

claimant's first letter as an informal appeal under the regulations and thereupon sent him the required form. He had ten days after that second communication in order to perfect his appeal. No reason was advanced why he could not have completed the appeal form within the prescribed time while he was in California.

There are no extenuating circumstances in this case sufficient to grant an exception to the rule requiring strict compliance with the regulations. "Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc." *Tuttle Unemployment Comp. Case,* 160 Pa. Superior Ct. 46, 47, 49 A. 2d 847. In *Demcio Unemployment Comp. Case,* 177 Pa. Superior Ct. 298, 110 A. 2d 890, the claimant's counsel was remiss in perfecting an appeal and this court held that any prejudice resulting therefrom could not serve to extend the time for appeal. The instant case is infinitely weaker, for claimant was misled by no one and offered no excuse other than his presence in California.

Decision affirmed.