Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Bernard C. Buongiovanni, Appellant.

Submitted on briefs, June 6, 1975, to Judges CRUM-LISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Bernard C. Buongiovanni,* appellant, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 9, 1975:

Bernard C. Buongiovanni (Claimant) appeals to this Court a decision of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision that he pay back to the Pennsylvania Unemployment Compensation Fund an overpayment as provided in Section 804(a) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §874(a) (Law).

Unfortunately for Claimant, the threshold issue, *i.e.,* whether his appeal was timely filed, must be decided against him thus closing out a consideration of his case on the merits.

On February 5, 1974, the Bureau of Employment Security issued a determination of fault overpayment. From this determination, Claimant filed a timely appeal. After hearing, during which the Claimant was represented by counsel and testimony taken, the referee on March 14, 1974 affirmed the Bureau's determination.

Claimant appealed to the Board (tribunal of next resort) which in turn affirmed the referee's decision of a fault overpayment by order dated July 24, 1974. It was made final on August 5, 1974, pursuant to Section 509 of the Law, *as amended*, 43 P.S. §829, which provides, "Any decision made by the department or any referee or the board shall become final ten days after the date thereof. . . ."

Claimant maintains that on August 5, 1974, by first class mail, he requested appeal forms from the Prothonotary of this Court. When the forms did not arrive, he mailed a second request to the Prothonotary. This time, however, it was sent by certified mail. Claimant received the forms on September 2, 1974 and returned them by certified mail dated September 11, 1974. The appeal was finally effectively filed thirty-seven (37) days after the Board's decision.

We consider first Appellee's motion to dismiss for failure to file a timely appeal.

Absent extenuating circumstances, an appeal must be filed within thirty (30) days after the Board's decision becomes final. *Abrams Unemployment Compensation Case*, 180 Pa. Superior Ct. 580, 119 A. 2d 656 (1956) ; Section 510 of the Law, *as amended*, 43 P.S. §830. The appeal provision of the Unemployment Compensation Law is mandatory. *Kitchell v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 149, 305 A. 2d 728 (1974). Claimant may not "appeal after the prescribed time limitation, unless he can prove that he was deprived of his right of appeal by fraud or its equivalent, *i.e.*, wrongful or negligent conduct of the administrative authorities." *Ferretti Unemployment Compensation Case*, 195 Pa. Superior Ct. 234, 236, 171 A. 2d 594, 595 (1961) (Citations omitted.) Nowhere in the record has the Claimant met and overcome that burden.

Not having filed his appeal within the allowable thirty (30) day period, it was not timely. *Neupauer Unemploy-*

*ment Compensation Case,* 198 Pa. Superior Ct. 186, 181 A. 2d 743 (1962) ; *Haile Unemployment Compensation Case,* 174 Pa. Superior Ct. 86, 99 A. 2d 908 (1953). Accordingly, it is unnecessary for us to determine the merits of his appeal.

ORDER

AND NOW, this 9th day of October, 1975, the motion to dismiss of the Appellee Board is hereby granted; case dismissed.