[Civ. No. 13374. First Dist., Div. Two. July 3, 1947.]

GENERAL MACHINERY & SUPPLY COMPANY (a Corporation), Appellant, v. CALIFORNIA EMPLOYMENT STABILIZATION COMMISSION, Respondent.

Fabian D. Brown for Appellant.

Fred N. Howser, Attorney General, Clarence A. Linn and Doris H. Maier, Deputy Attorneys General, for Respondent.

NOURSE, P. J.—Plaintiff sued under section 41.1 of the Unemployment Insurance Act (3 Deering's Gen. Laws, Act 8780d) to recover contributions alleged to have been overpaid for the period January 31, 1941, to June 30, 1944. Defendant had judgment.

Under the provisions of the act plaintiff's reserve account had been decreased by payments therefrom prior to June 11, 1940, of compensation to former employees who were at the time out of employment. The complaint alleged that these payments were made "in error" and the suggestion is made that some of these former employees had either left voluntarily or been discharged for misconduct. Without any specific pleading in that regard evidence was taken tending to show that the employer had not been notified of the filing of the claims of these employees as required by the act. No substantial evidence was taken that the claims were not valid when presented or that the employees were not rightly paid. The trial court made no specific finding on the question of notice. It found that the charges made against plaintiff's account were all properly made and that the plaintiff should suffer the deductions made on account of the awards to its employees.

The difference between the issue of the validity of the payments of the respective claims of the former employees and the issue of the validity of the procedure of the administrative agency adjudging those payments due is apparent. Plaintiff sued on the first issue only. No substantial evidence was offered in support of the pleading. It offered evidence on the second issue only and limits the appeal to that issue. On this issue the evidence was conflicting. Proof was made that the plaintiff protested the deductions before the agency under the provisions of the act. The defendant pleaded in its answer the record of the proceedings before the commission on plaintiff's protest where the commission found that notice was duly given as required by the act. At the trial before

the court plaintiff produced evidence showing that on four separate dates from June 11, 1940, to May 7, 1941, it was notified that the commission had made these deductions on account of the claims paid to former employees. The plaintiff also offered the testimony of one of its employees that prior notices of the filing of the claims were not "received." Defendant offered the testimony of one of its employees that it was the practice of the office to mail such notices to the employer's established place of business. The records of the commission were not produced, but a former employee of the commission testified that during the period in question many notices were not mailed because of the press of business. There was no direct evidence that these particular notices were or were not mailed to plaintiff.

It is conceded that due notice is a prerequisite to the taking of property; the question on this appeal is whether plaintiff successfully sustained its burden of proof against the presumptions that the notices were duly sent as required by the statute. If this were a proceeding in mandamus to review the hearing before the commission we would have to hold on that record that due notice had been given because the commission took evidence on that issue and found against the petitioner.

This being an action to recover the deductions made we must presume that official duty was properly performed and hence there is nothing in the case but a disputed question of fact insofar as it relates to the original notice of the employee's claims. If the trial court had found for defendant on that issue substantial evidence would be there to support the finding. We must presume in support of the judgment that the trial court concluded that plaintiff failed to maintain the burden of proof that sufficient notice had not been given to enable it to protect its rights.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.