[S. F. No. 17893. In Bank. May 11, 1950.]

BELL-BROOK DAIRIES, INC., Respondent, v. JAMES G. BRYANT, as Director of Employment, Appellant.

Fred N. Howser, Attorney General, and Chas. W. Johnson, Deputy Attorney General, for Appellant.

Fabian D. Brown for Respondent.

GIBSON, C. J.—Plaintiff brought this action to recover contributions paid under the Unemployment Insurance Act (Stats. 1935, p. 1226; Deering's Gen. Laws [1937], Act

8780d) claiming that it was not given notice of the filing of applications for unemployment benefits and that as a result its reserve account was erroneously charged with payments made to certain applicants. Judgment was rendered for plaintiff, and defendant has appealed.

A preliminary question has arisen as to whether plaintiff has chosen the proper remedy. Under section 41.1 of the act an employer may protest any charge made against his reserve account, and if the protest is denied, an action may be brought to recover any overpayment. (Stats. 1941, p. 2535.) This action was brought in conformity with that section as it read in 1944 when the suit was filed, but defendant claims that actions thereunder were restricted to the correction of mathematical errors in the reserve account. Not only is there no such restriction in the section, but it specifically provides that an employer can bring an action ''in the event that the determination in any protest proceeding is rendered against the employer.'' The case of *Matson Terminals, Inc.* v. *California Emp. Com.*, 24 Cal.2d 695 [151 P.2d 202], relied on by defendant, does not support the claim that plaintiff has not followed the proper procedure. There mandate was sought to prevent enforcement of an order awarding benefits to claimants, and, in considering the remedies available to petitioners, it was pointed out that, although section 41.1 affords a means for contesting charges against an employer's account and recovering overpayments, it is distinct from the remedy provided by section 67 of the act for testing the propriety of benefit payments. (24 Cal.2d at pp. 700-702.) Plaintiff here, in seeking to recover overpayments of contributions and have charges removed from its account, has followed the procedure provided by statute.

It is not disputed that plaintiff was entitled to notice that its former employees had applied for unemployment benefits. (Unemployment Insurance Act, §§ 66, 67, as the sections existed from 1937 to 1939, Stats. 1937, p. 2059; Calif. Unemployment Com. Rule 66.1, as it read from 1938 to 1940.) Defendant contends, however, that the evidence is insufficient to support the finding of the trial court that such notice was not given.

It was stipulated that the testimony of Cyrel O'Connor, an employee of the commission, given in the case of *General Machinery & Supply Co.* v. *California Emp. Stab. Com.*, 80 Cal.App.2d 742 [182 P.2d 249], should be received as evidence in this case and that ''the testimony of various witnesses in

each of the cases involved here, if called as a witness, would be the same as that given by Mr. Clark in the General Machinery case.'' O'Connor testified that in 1938 a few notices were mailed out but that ''it got to the point where they didn't mail them out, because they didn't have the office help.'' He said that he traveled throughout California examining ''every claim in practically all the local offices around here,'' and that ''it was the custom to retain them [the notices] in the office rather than to mail them out.'' Clark, an employee of General Machinery, testified that it was his duty to open his employer's mail and pass upon all documents from the commission, and that no notices of the applications for benefits were received.

In addition to the transcript of the testimony given in the General Machinery case, plaintiff presented one witness, George L. Hillenbrand, a supervisor in defendant's compensation division, who testified that it was the practice during some portion of the time involved here not to send out notices to employers.

All inferences must, of course, be drawn in support of the judgment, and it is unnecessary to consider evidence which might have justified the trial court in reaching a contrary result. In our opinion the evidence, while not entirely satisfactory, is sufficient to support the finding that the required notices were not sent to plaintiff.

In the General Machinery case the trial court gave judgment for the defendant and impliedly found that the notice had been given. This judgment was affirmed on appeal, and defendant claims that, because the evidence was substantially the same in both cases, it must be held here as a matter of law that plaintiff has failed to establish a right to recover. In each case, however, the finding of the trial court was based on conflicting evidence, and since the determination in this case is supported by sufficient proof, it cannot be held to be erroneous merely because the court in the other case reached a contrary conclusion on substantially the same evidence. Both cases are not before us, and therefore no question is presented as to whether the judgments can or should be made to conform with each other. (See *Dillard* v. *McKnight*, 34 Cal.2d 209, 224 [209 P.2d 387] ; *Morris* v. *Fortier*, 59 Cal. App.2d 132, 137-138 [138 P.2d 368].)

■ It is clear that plaintiff was prejudiced by the failure of defendant to give the required notice. Although it eventually received statements of charges to its account which showed

that claims for benefits had been made and allowed, lack of proper notice deprived plaintiff of the opportunity to defeat the claims by offering the claimants suitable employment. Further, because of the lapse of time before learning of the charges against its account, it may have been deprived of the means of showing that the claimants were ineligible for benefits on other grounds. (See Deering's Gen. Laws [1937], Act 8780d, §§ 55, 56; Stats. 1937, pp. 2064, 2068.)

■ There is no merit in defendant's position that plaintiff cannot recover contributions unless it shows that the claimants were in fact paid benefits they were not entitled to receive. It is, of course, the settled rule that a taxpayer may not obtain a refund of taxes unless it appears that more taxes were exacted than in equity and good conscience should have been paid, and recovery is limited to the difference between the tax actually paid and that which properly should have been collected. (*Simms* v. *County of Los Angeles, ante,* p. 303 [217 P.2d 936]; see *Northrop Aircraft, Inc.* v. *California Emp. Stab. Com.,* 32 Cal.2d 872, 879-880 [198 P.2d 898].) This rule, however, being based on equitable principles, cannot aid the taxing authority where, as here, it failed to give the notice required by its rules and the relevant statutes, which notice would have afforded plaintiff an opportunity to prevent the creation of the conditions giving rise to the tax or to show facts which might have established that the claimants were not entitled to benefits, thereby relieving plaintiff of liability for the tax.

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.