## Oklamchak Unemployment Compensation Case.

Argued April 10, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*E. F. Peduzzi*, with him *Smorto, Peduzzi & Taylor*, for appellants.

*William L. Hammond*, Special Deputy Attorney General, with him *Robert E. Woodside*, Attorney General and *Roland M. Morgan*, Associate Counsel, for appellee.

OPINION BY ROSS, J., July 19, 1951:

In this unemployment compensation case, the question is whether the claimants filed timely appeals from the decision of the referee refusing benefits to them. The Board of Review, without passing on the merits

of the claims, dismissed the appeals as having been taken too late.

On November 23, 1949, each of the claimants filed an appeal from the bureau's decision. The referee to whom the cases were referred, by his decision dated May 10, 1950, affirmed the decision of the bureau and denied benefits. Each of the claimants was .mailed a copy of the referee's decision attached to which was a paper headed "Notice of Referee's Decision", giving the date of the notice of the decision as May 10, 1950, and setting forth the rules relative to the procedure to be followed for further appeal.

This notice stated, inter alia: ". . . The Unemployment Compensation Law provides that an appeal may be filed by any of the parties from this decision within ten (10) days after the date of this notice. Notice of request for a further appeal should be given personally or *by mail* to the . . . office which rendered the original decision in this case. . . . Period for filing a request for further appeal expires on *May 20, 1950,* at 12:00 o'clock midnight." (Italics supplied.)

The claimants, through their attorneys, wrote a request for further appeal and a properly addressed envelope containing such request was deposited in the post office shortly after twelve o'clock noon on Saturday, May 20, 1950. The letter was received by the Pennsylvania State Employment Service Office at Johnstown on Monday, May 22, 1950; it was, however, postmarked 5:00 p.m. May 21, 1950. The Board of Review, after a hearing, by order entered September 21, 1950, dismissed the appeals on the ground that the petitions for appeal had not been filed or postmarked within ten days of the date of the referee's decision, and from this order the claimants appeal.

The Board of Review calls to our attention section 501 of the Unemployment Compensation Law as amend-

ed, 43 PS 821, which provides in part as follows: "(e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination *contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d),* within ten (10) calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith . . ." (Italics supplied.)

The notices required to be furnished by the department under section 501 (a), (c) and (d) are notices of the various determinations of the bureau. These claimants have perfected their appeal from the adverse ruling of the *bureau* and hence section 501 (e) has no present application.

The provision which must govern our determination of this appeal is section 502 of the Unemployment Compensation Law as amended, 43 PS 822, which is headed "Decision of referee; further appeals and reviews", and provides, inter alia: "Where an appeal from the determination or revised determination, as the case may be, of the department is taken, a referee shall, after affording the parties reasonable opportunity for a fair hearing, affirm, modify, or reverse such findings of fact and the determination or revised determination, as the case may be, of the department as to him shall appear just and proper. The parties shall be duly notified of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the board, unless within ten days after the date of such decision the board acts on its own motion, or upon application, permits any of the parties to institute a further appeal before the board."

Section 505 of the Unemployment Compensation Law as amended, 43 PS 825, provides: "The manner in which appeals shall be taken, . . . shall be in accordance with rules of procedure prescribed by the board whether or not such rules conform to common law or statutory rules of evidence and other technical rules of procedure . . ."

It must be observed that section 502, supra, in contrast to section 501, supra, does not require that a claimant *file* his petition for appeal from the referee's decision. The outer limit of ten days is fixed by the provision; but what will constitute making application within such period is left to the board, acting within the provisions of section 505.

These rules were promulgated by the Board of Review September 30, 1942 to implement section 502:

"109.  Further Appeal:

"Within ten (10) days after the decision of a Referee the claimant, the Department, or any affected party may file an application for a further appeal with the Board. . ."

"202.  Form and Filing of Application:

"An application for the allowance of an appeal from the decision of a Referee shall be filed in any Local Employment Office with a person authorized by the Board to receive the same . . . An application for the allowance of an appeal from a decision of the Referee will be filed within the prescribed time if it is filed in the form and manner hereinbefore specified on or before the tenth day after the date on which notification of the decision of the Referee was mailed to the appellant, at his last known post office address."

The present position of the board is that we should construe the word "file" used by it in its rule to mean "to deliver to the proper officer so that it is received

by him to be kept on file, or among the records of his office''. Under this construction an application for the allowance of an appeal would not be filed until such time as it was received in any "Local Employment Office with a person authorized by the Board to receive the same". This construction is urged in the face of an admission by the board that its practice has been to consider such applications timely if the envelope containing the same was postmarked within the ten-day period. The status of the rule is further clouded by one of its own decisions, *In Re Claim of Margaret Parney Durachko*, Bd. of Rev. Dec. No. B-20208, App. No. B-44-96-D-337, March 1, 1950, in which case the board stated: "The Referee's decision in this case was issued on November 9, 1949. On the tenth day thereafter, claimant placed a letter in the Post Office containing her appeal, but said letter was not postmarked or mailed from the post office until two days later. . . . Had it been postmarked immediately the appeal under our regulations would have been timely. The failure of the Post Office to postmark the letter until two days later was in no sense the fault of the claimant . . . The case should be considered on its merits."

Prior to the present appeal the understanding of this Court of the board's rule was that an application mailed on or before the tenth day after the date of the referee's decision was timely. In *Gill Unemployment Compensation Case,* 165 Pa. Superior Ct. 605, 70 A. 2d 422, the last day to file an appeal was February 26, 1949. We stated: "Since the appeal form and the instructions for completing the same were not mailed until February 23, it was physically impossible for the claimant [in California] to have received them in the ordinary course of the mails, complete the form, *and have it in the return mail* by February 26, the date on which the time for taking the appeal expired.'' (Italics supplied.)

In view of the above, we have *no difficulty* in understanding the present claimants' confusion as to their duty with regard to the filing of the applications for the allowance of appeals. We think that it is within the province of the board in pursuance of the powers granted it in section 505, supra, to promulgate a rule requiring applications to be postmarked within the ten-day period; but are agreed that it would be manifestly unjust to permit such a rule to operate other than prospectively. These claimants were entitled to the benefit of the board rule as it existed when they mailed their applications for the allowance of an appeal; nothing in the paper headed "Notice of Referee's Decision" served to inform them that the word "filed" used therein had a meaning different from that which it carried when the board accepted as timely an application *mailed* on the last day but not *postmarked* until *two* days later.

The decision of the Board of Review is reversed, and the claims are reinstated.