[Civ. No. 18925.  Second Dist., Div. One.  Jan. 12, 1953.]

THE OWL DRUG COMPANY (a Corporation), Appellant, v. JAMES G. BRYANT, as Director of Employment, Respondent.

Adams, Duque, Davis & Hazeltine and Lawrence T. Lydick for Appellant.

Edmund G. Brown, Attorney General, Irving H. Perluss, Assistant Attorney General, and Wiliam L. Shaw, Deputy Attorney General, for Respondent.

PATROSSO, J. pro tem.—Plaintiff instituted this proceeding in mandate against the Director of Employment and of the Department of Employment of the State of California to compel the payment of interest upon unemployment contributions erroneously and illegally collected from it. The appeal is from the order of the trial court denying the petition and discharging the alternative writ.

In a previous proceeding instituted by appellant against respondent in the Superior Court in and for the City and County of San Francisco, judgment was rendered therein on June 14, 1948, wherein it was determined that the respondent had erroneously and illegally charged against appellant's account benefits alleged to have been paid to former employees in the sum of $92,229 as a result of which respondent had illegally exacted from appellant contributions in the sum of $46,794.94. The judgment decreed that respondent remove and cancel such charges and that appellant recover from respondent the said sum of $46,794.94. An appeal was taken from this judgment by the respondent which was affirmed by the Supreme Court (*Owl Drug Co. v. Bryant*, 35 Cal.2d 905 [218 P.2d 8], memo opinion on the authority of *Bell-Brook Dairies, Inc. v. Bryant*, 35 Cal.2d 404 [218 P.2d 1]). Thereafter respondent paid to appellant the sum of $46,794.94 as directed by said judgment together with the additional sum of $6,426.29, being interest at the rate of 7 per cent per annum from the date of the judgment to the date of payment. The judgment, however, did not provide for the payment of interest on the overassessments found to have been exacted from the appellant for the period intervening between the date of their respective payment to the date of the judgment, and respondent refused to pay interest thereon for any period prior to the entry of judgment. Appellant then instituted this proceeding to recover interest accruing during such period.

In dismissing the petition herein, the trial court determined that the judgment in the prior proceeding previously referred to operated as a bar to the maintenance of the present action. The correctness of this conclusion is the determinative question presented here.

The right of an employer to recover interest upon contributions illegally or erroneously assessed and collected derives from the provisions of section 45.11 of the Unemployment Insurance Act (3 Deering's Gen. Laws, Act 8780d). This section is quite lengthy and need not be set forth in full. Omitting subdivisions (a) and (b) thereof which generally prescribe the procedure for the filing of claims with the commission for the refund of such contributions, subdivisions (c) and (d) insofar as material here, read as follows:[1]

"(c) (Interest.) Interest shall be allowed and paid only to the extent that interest and penalties collected under this act are available therefor upon any overpayment of contributions at the rate of six per cent (6%) per annum from the date of overpayment to the date of the allowance of the refund or credit, provided, however that no interest shall be allowed if the commission determines that any overpayment has been made intentionally or by reason of negligence on the part of the employing unit.

"(d) . . . No suit or proceeding shall be maintained in any court for the recovery of any amount of contributions, interest or penalties alleged to have been erroneously or illegally assessed or collected unless a claim for refund or credit has been filed pursuant to this section. Within 90 days after the mailing of the notice of the action by the appeals board upon a claim filed pursuant to this section, the claimant may bring an action against the commission on the grounds set forth in the claim in a court of competent jurisdiction in the County of Sacramento for the recovery of the whole or any part of the amount with respect to which the claim has been disallowed, . . .

"(Crediting judgment: Interest.) If in any such action judgment is rendered for the plaintiff, the amount of the judgment shall first be credited on any contribution, interest and penalties due from the plaintiff under this act, and the balance of the judgment shall be refunded to the plaintiff. In any such judgment, interest shall be allowed and paid

---

[1]The reference here, as elsewhere in this opinion, is to the statute as it read at the time of the entry of judgment in the former proceeding, unless otherwise indicated.

only to the extent that interest and penalties collected under this act are available therefor, at the rate of 6 per cent per annum upon the amount of contributions found to have been illegally collected from the date of payment thereof to the date of such judgment.''

While each of the foregoing subdivisions speaks of interest upon contributions erroneously or illegally assessed and collected they are independent and mutually exclusive. Subdivision (c) encompasses those cases where a refund of contributions is authorized by the commission. In such instances interest at the rate specified from the date of payment to the date of allowance of the refund becomes payable (to the extent that funds are available therefor) by virtue of the commission's allowance of the refund without more, unless the commission ''determines that any overpayment has been made intentionally or by reason of negligence.'' Subdivision (d) on the other hand is restricted in its application to those cases where, following the refusal of the commission to authorize a refund, the employer avails himself of the remedy afforded by the statute of instituting a proceeding in the superior court to review the action of the commission and to recover such contributions as may be found to have been erroneously or illegally collected. As to these it is provided that interest at the prescribed rate upon the amount of contributions found to have been illegally collected from the date of payment to the date of judgment shall be allowed *''in any such judgment.''* This subdivision (d), unlike the language contained in subdivision (c) does not provide that upon entry of judgment interest shall become payable upon the amount of contributions thereby found to have been illegally collected from the date of payment thereof to the date of judgment but rather that the allowance of interest shall be provided for in or by the terms of the judgment. Thus the judgment is the measure of both the duty and authority of the commission to pay interest upon contributions found to have been illegally collected during the period between the date of payment thereof to the date of judgment.

With these preliminary observations we pass to a consideration of the effect of the prior judgment upon the right of the appellant to recover interest in the present proceeding upon the contributions thereby ordered repaid in view of the fact that no provision for the recovery of such interest was included therein.

With respect to the plea of res judicata the Supreme Court in *Bernhard* v. *Bank of America*, 19 Cal.2d 807, 813 [122 P.2d 892], says: "In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?"

Inasmuch as the parties here are the same as those involved in the prior proceeding in which the judgment in question was entered, we may dismiss the third question suggested by the court without further discussion. Nor need the second long detain us, for an inspections of the findings of fact and conclusions of law as well as the judgment in that proceeding discloses that the judgment was rendered upon the merits following a trial in the course of which evidence was introduced upon behalf of the respective parties.

There but remains to be considered therefore the first question, namely whether the issue decided in the prior adjudication is identical with the one presented here. The findings in the prior action disclose that the issue involved was the validity of the action of the respondent in charging against the account of appellant benefits paid to certain of its former employees. In determining this issue favorably to the appellant the court found that the charges in question were unauthorized and contrary to law because made without any notice to the appellant; that such charges aggregated the sum of $92,229 and that as a result thereof respondent had illegally exacted from appellant contributions in the sum of $46,794.94. From these findings the court concluded that appellant was entitled to judgment commanding the removal from the account of appellant charges in the amount stated and for the recovery of the amount of contributions found to have been illegally exacted from appellant as a result thereof. In the light of this it can hardly be doubted that the issue presented by and decided in the former proceeding necessarily involved the measure and character of relief to which appellant was entitled as a result of the action of the commission in wrongfully charging its account with the payment of benefits not authorized by law, which necessarily involved the question as to whether appellant was entitled to recover not only the amount of the overassessments

as found by the court but in addition thereto interest thereon from date of payment as prescribed by the statute.

■ "If a different title, right or obligation is pleaded in the second action, the cause of action is different, even though the relief sought is the same (*Ball* v. *Stephens*, 68 Cal.App.2d 843, 851 [158 P.2d 207].) But if the second is based upon the same right or obligation the cause of action is the same even though different or additional relief is sought. . . .

■ "It is the title, right or obligation sought to be established or enforced, not the remedy or the relief sought, which determines the nature and substance of the cause of action. When this has once been adjudicated it cannot be relitigated upon any grounds that were or that could have been determined in the former action." (*Ideal Hardware etc. Co.* v. *Department of Employment,* 114 Cal.App.2d 443, 448 [250 P.2d 353].)

In contending that the former judgment does not operate as a bar or estoppel to the maintenance to this proceeding counsel for appellant assert, in effect, that no cause of action for the recovery of the interest here sought had accrued at the time of the institution of the prior action. The argument is that the statute did not "then or now provide for any action to recover the *interest* provided for by section 45.11 of the act in the event it was determined by the reviewing court that the taxes had been overassessed or illegally collected." In support of this statement counsel direct attention to the fact that the prior action was authorized by and instituted pursuant to section 41.11 of the act, and that, while as it then read, it authorized the institution of a proceeding "to recover any amount of *contributions* claimed as an overpayment" there was no provision for the recovery of *interest* thereon. Counsel however seemingly overlook the fact that at that time section 45.10 contained a provision for the allowance of interest upon the amount of overpayment to the date of judgment in substantially the identical language found in the last paragraph of section 45.11 as it read at the time of the entry of judgment, which section we have previously quoted at length, and which in effect provides that if a judgment is rendered for the plaintiff for the recovery of contributions interest shall be allowed "in any such judgment" from date of payment to date of judgment.

In amplification of this argument it is further said: "interest however being provided for by separate and distinct

statutory provision and being conditioned upon performance of a ministerial act by the administrative body, was and is properly recoverable only by mandamus proceedings and only after a failure by respondent to perform the statutory duty imposed.'' We fail to appreciate the force of the argument that, because the recovery of contributions was provided for in one section of the statute and the recovery of interest in another, this evidences a legislative intent that the recovery of interest could not be had in the same proceeding as that wherein the recovery of the contributions was sought and obtained. The fact that the statute expressly provides that interest shall be allowed *in the judgment* in a proceeding for the recovery of the contributions conclusively demonstrates the contrary. Neither are we able to understand counsel's statement that the allowance of interest was ''conditioned upon performance of a ministerial act by the administrative body.'' If, as the statute plainly directs, interest is to be allowed *in the judgment,* the recovery thereof would appear to be ''conditioned'' upon inclusion of a provision to this effect in the judgment—a judicial act—not upon the performance of a ministerial act by the commission.

When the appellant instituted the prior proceeding it had an entire and single cause of action arising from the legal wrong or tort of the respondent in placing against its account charges unauthorized by law. As a result it was entitled to relief therein including not only the cancellation of the wrongful charges but the recovery of the amount which had been illegally exacted from it together with interest thereon from the date of payment to the date of judgment. ██ ''(A) plaintiff must recover in one action all he is entitled to; if dissatisfied with the result, he cannot bring a new suit to recover something more on the same cause of action.'' (34 C.J., p. 822.) ██ ''Where a demand or right of action is in its nature entire and indivisible it cannot be split up into several causes of action and sued piecemeal; but a recovery for one part will bar a subsequent action for the whole, the residue or another part'' (34 C.J., p. 827.) ''This is the necessary result of the application of the well settled principle that an entire claim arising either upon a contract or from a wrong cannot be divided and made the subject of several suits.'' (*Abbott* v. *76 Land & Water Co.,* 161 Cal. 42, 48 [118 P. 425].) It is of no consequence, therefore, if it be assumed, as counsel for appellants suggest,

that in the prior proceeding the matter of the allowance of interest was not considered or urged upon the court.

The case of *Girard Trust Co.* v. *United States,* 270 U.S. 163 [46 S.Ct. 229, 70 L.Ed. 524], cited by appellant in support of its position is not helpful. That was an action to recover interest upon the refund of certain internal revenue taxes paid by the plaintiff. There the refund had been allowed by the commissioner of internal revenue under a statute which provided in part ''that upon the allowance of a claim for the refund of or credit for internal revenue taxes paid, interest shall be allowed and paid upon the total amount of such refund or credit at the rate of one-half of one percentum per month to the date of such allowance.'' In this respect the statute there involved was strikingly similar to the provisions of subdivision (c) of the act with which we are here concerned, and there can be no doubt that, *by the allowance of the refund,* the taxpayer was entitled to receive interest thereon as provided. The same result would undoubtedly follow here if we were concerned with a claim of refund allowed by the respondent commission as provided in subdivision (c). However, as previously noted, the case here is governed not by the provisions of subdivision (c) dealing with the effect of the allowance of a refund by the commission but by subdivision (d) which provides for the allowance of interest, not by the commission, but by the court rendering judgment in a judicial proceeding for the recovery of the amount of contributions found by it to have been illegally collected. The cited case unlike the one at bar did not involve a consideration of the effect of a judgment for the recovery of overpayments which contained no provision for the recovery of interest thereon accruing prior to judgment upon a subsequent proceeding seeking the recovery of such interest.

Appellant suggests that its right to recover the interest here sought is analogous to its right to recover interest upon the judgment which it obtained from the date of its rendition although the judgment contained no provision to this effect. The answer appears obvious. ■ A judgment bears interest because it is so provided by statute and there is no need of the inclusion of a provision to this effect in the judgment. ■ The statute here however does not purport to declare that a *judgment* rendered in a proceeding for the recovery of contributions illegally assessed and collected shall bear interest *from the date of payment of such over assessments.* On the contrary it says that the court shall provide

for the allowance thereof *in the judgment.* This necessarily implies that if no such direction is contained in the judgment, there is no authority for the payment thereof.

It would appear that the superior court, when rendering judgment in the prior proceeding in favor of the appellant for the amount which it found to have been illegally exacted of it, should have included therein an allowance of interest as provided by the statute, and that it was in error in failing to do so. While erroneous and subject to correction upon appeal, no appeal therefrom was taken by appellant and it has long since become final. An erroneous judgment, however, when rendered by a court having jurisdiction of the parties and of the cause, is as conclusive upon the rights of the parties as a correct one (15 Cal.Jur., p. 103, § 170). While inviting our sympathy, we are powerless to correct the error, if any, of the court in the prior proceeding.

Appellant also cites in support of its contention authorities declaring that in a contested action plaintiff may recover interest, if legally entitled thereto, although no demand therefor is included in the prayer of the complaint. They seemingly overlook the fact, however, that in order to recover interest under such circumstances provision therefor must be made in the judgment rendered in the particular action. These cases do not suggest that, if plaintiff although entitled thereto, fails to recover interest in the action, he may thereafter maintain an independent proceeding for the same. Thus, rather than supporting the contention of appellant, the authorities would appear to effectively destroy it.

Appellant complains of the finding or conclusion of the trial court that the judgment in the prior action constitutes a bar to the maintenance of the present proceeding because (so it is said) no evidence was received by the trial court, the matter having been disposed of upon the petition and the returns thereto. However, appellant in its petition pleads the former judgment, and attached to the return of the respondent are copies of the judgment as well as the findings of fact and conclusions of law. There is no denial that these are true copies of the originals, and under the circumstances no extrinsic evidence was necessary to enable the court to determine the legal effect of such prior judgment. Indeed it is somewhat difficult to understand counsel's position in this regard in view of the fact that their entire claim to the recovery of the interest in the instant case is predicated upon the fact that appellant obtained a judgment for the *contribu-*

*tions* in the prior proceeding. Their claim is necessarily based upon this judgment. ■ Hence if an inspection of the judgment discloses that the proceeding in which it was rendered necessarily involved the question as to the right of appellant to recover interest to the date of judgment upon the amount ordered to be paid thereby, the trial court required no additional evidence to reach the determination which it did, namely, that such judgment was a bar to the maintenance of this proceeding.

■ Appellant also complains of the finding to the effect that in the prior proceeding appellant "did omit or neglect to seek and recover interest to which it was then entitled." It may be admitted that, although it is true that appellant *failed* to recover interest in the prior proceeding, there is no evidence to support the finding that it omitted or neglected to *seek* the recovery thereof. The finding, however, is wholly immaterial for, as we have already seen, appellant is concluded by the judgment rendered therein whether it did or did not then seek the recovery of such interest. The determinative fact is that, although it was then *entitled to demand* the recovery of such interest, the court failed or neglected to grant judgment therefor.

The foregoing makes unnecessary the consideration of other questions discussed by counsel for the respective parties.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.