## Marshall Unemployment Compensation Case.

Argued October 6, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (HIRT, J., absent).

*Albert M. Roth,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., January 14, 1955:

In this unemployment compensation case the question is whether the claimant filed a timely appeal from the decision of the referee denying benefits to him. The Board of Review without passing on the merits of the claim, dismissed the appeal as having been taken too late.

Section 502 of the Unemployment Compensation Law of December 5, 1936, P. L. 2897, 43 PS §822 as last amended, relates to appeals from the referee's decision to the board. It provides inter alia as follows:

"The parties and the department shall be duly notified of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the board, unless within ten days after the date of such decision the board acts on its own motion, or upon application, permits any of the parties or the department to institute a further appeal before the board . . ."

Where an Act of Assembly fixed the time within which an appeal may be taken, courts have no power to extend it or to allow an appeal nunc pro tunc, except where there is a showing of fraud or its equivalent. Something more than mere hardship is necessary to justify an extension of time or an allowance of the act nunc pro tunc. *Tuttle Unemployment Compensation Case,* 160 Pa. Superior Ct. 46, 47, 49 A. 2d 847 (1946); *Gay Unemployment Compensation Case,* 172 Pa. Superior Ct. 200, 201, 92 A. 2d 901 (1952). Thus, it has been held that a person who did not file his appeal in time because of illness of his counsel or because he was out of the state looking for work or because of illness in the family, cannot file an appeal

nunc pro tunc. *Turner Unemployment Compensation Case*, 163 Pa. Superior Ct. 168, 60 A. 2d 583 (1948); *McDonnell Unemployment Compensation Case*, 173 Pa. Superior Ct. 355, 98 A. 2d 648 (1953); *Tuttle Unemployment Compensation Case*, supra.

On the other hand where a person is unintentionally misled by an officer who is authorized to act in the premises, courts will relieve an innocent party of injury consequent on such misleading act where it is possible to do so. *Tuttle Unemployment Compensation Case*, supra.

Section 505 of the Unemployment Compensation Act, supra, 43 PS §825, provides inter alia as follows:

"The manner in which appeals shall be taken, the reports thereon required from the department, the claimant and employers, and the conduct of hearings and appeals, shall be in accordance with rules of procedure prescribed by the board whether or not such rules conform to common law or statutory rules of evidence and other technical rules of procedure."

Under authority given the Board by this section it promulgated the following rule:

"An appeal from a decision of the Department shall be filed within the prescribed time if it is filed in the form and manner herein specified on or before the tenth day after the date on which notification of the Department's decision was delivered personally to the appellant, or mailed to him at his last known post office address.

"Use of the prescribed appeal form is not mandatory to initiate an appeal. Any written notice that may reasonably be construed as a request for an appeal, filed with or mailed to a Representative of the Board or Department, within the prescribed period, advising that the appellant desires a review of the decision, shall be deemed to initiate an appeal and will

constitute an appeal from the decision of the Department, provided the appellant subsequently perfects the appeal by filing a completed appeal form *within 10 days* after instructions for filing the appeal form have been delivered or mailed to him at his last known post office address.

"The date of initiation of an appeal delivered *by mail*, either on the prescribed appeal form or by any form of written communication, shall be determined from the postmark appearing upon the envelope in which the appeal form or written communication was mailed." Regulation No. 100, Rules of Procedure of the Unemployment Compensation Board of Review.

With the above statutory provision and rules in mind let us examine the facts of this case.

On October 21, 1953 the referee to whom this case was referred examined the decision of the Bureau and denied benefits on the ground that claimant was discharged from his last employment for willful misconduct connected with his work. The claimant was mailed a copy of the referee's decision and enclosed therewith was a notice which contained inter alia the following:

"Notice of request for further appeal should be delivered personally or by mail to the Local Employment Office that rendered the original decision in this case. *If you write a letter and intend that same be accepted as initiating an appeal be sure to specifically state that 'I hereby file an appeal.'* The date of an appeal filed by letter is determined from the postmark and therefore it is important that the letter be mailed in time to be postmarked within ten (10) days of the date of this notice." (Emphasis supplied)

On October 27th attorney for the claimant wrote the following letter to the Board:

"Edward Marshall, Claimant and former employee of Philadelphia Transportation Company, Broad and Green Streets, Philadelphia 41, Pa., by his attorney A. M. Roth, Esquire, 1636 Walnut Street, Philadelphia 3, Pa., hereby files an appeal from the decision disallowing claim.

(Signed) A. M. Roth
Atty. for Edward Marshall, Claimant

"I hereby file an appeal.

Edward Marshall
By (Signed) A. M. Roth."

In reply to this letter appeal forms were mailed by the proper official to the claimant's attorney on October 29, 1953. Included with the forms were specific instructions as to the manner in which the forms were to be completed. The letter stated, inter alia:

"In accordance with the rules of procedure of the Board of Review, the Petition for Appeal must be filed or postmarked within ten (10) days of the date of this letter."

No appeal forms were returned to the local office within the said ten day period, and it was not until November 24, 1953, that the claimant's attorney wrote a letter to the Board of Review requesting additional time in which to file an appeal. The said attorney ascribed as his reason for delay the fact that he had been undergoing surgical treatment in a hospital since November 2, 1954 and he had therefore not seen the October 27 letter until his recent return to the office.

The Secretary of the Board of Review denied his request for extension by letter dated December 3, 1953 on the ground that the board's rules and regulations were mandatory and that an appeal must be filed within the time limits prescribed by these rules and regulations.

There are two cases in which we dealt with letters somewhat similar to the one of October 27th.

In *Layton v. Unemployment Compensation Board of Review*, 156 Pa. Superior Ct. 225, 40 A. 2d 125 (1944), a letter of the board stated: "If you do not agree with our decision, you must notify us within ten days from date or you will forfeit all rights to dispute your claim." This Court there held, at page 231, that a letter written in reply thereto in which claimant stated his grounds of disagreement with the decision "should be treated as the equivalent of filing the appeal, which was prepared in compliance with the Rules of Procedure of the Board of Review within a reasonable time after he was informed of them, following the misleading letter of notification by the department's officer and agent . . ."

In *Von Kaenel Unemployment Compensation Case*, 163 Pa. Superior Ct. 173, 60 A. 2d 586 (1948), a case where the employer was protecting the Referee's decision, the employer's letter stated: "We have received a copy of the Referee's decision in the above entitled matter and it is our desire to take an appeal from that decision. Will you please furnish us with appropriate papers for this purpose." We held this was not a compliance with the statutory requirement that an appeal be taken within ten days, and at page 178 said: "It is clear that the letter was not an appeal nor was it intended to serve as an appeal."

The letter in the case before us should be treated as the equivalent of filing the appeal. Unlike the letter in the *Von Kaenel* case where there was a request for appropriate papers to take an appeal this letter followed the suggestion of the Board's letter and stated "claimant hereby files an appeal." This more than "merely evidenced a desire or intent to take an appeal."

. In the claimant's brief he asked that he "may be allowed to file an appeal nunc pro tunc." Actually, as we stated above, the appeal, or at least its equivalent, was filed, but it was not perfected by compliance with the rules of the board.

The question here presented is not whether there are facts to take this case without the general rule that courts have no power to extend the time fixed by statute within which an appeal may be taken. The question is whether the rules of the Board concerning the perfecting of an appeal after one is initiated may be strictly enforced by it.

In *Oklamchak Unemployment Compensation Case,* 169 Pa. Superior Ct. 158, 164, 82 A. 2d 509 (1951) we stated:

"We think that it is within the province of the board in pursuance of the powers granted it in section 505, supra, to promulgate a rule requiring applications to be postmarked within the ten-day period; . . ."

If the Board has power to promulgate a rule it would seem elementary that it has power to enforce the rules it promulgates.

Although a letter can be treated as the equivalent of the filing of an appeal within the ten day statutory appeal limit, it can properly be so treated only if there is a subsequent compliance with the rules of the board.

Initiating the appeal is only one step in the process of appealing. To perfect an appeal it is necessary to carry out the various prescribed steps and where this is not done even a court must quash the appeal because it was not perfected in time. *Fenerty Disbarment Case,* 356 Pa. 614, 52 A. 2d 576 (1947).

In recognizing the Board's right to refuse to entertain this appeal it might be noted that the Legislature does not *require* the Board to accept appeals from the referees, but states in Section 502, quoted above, that

the referee's decision shall be final unless "the board . . . *permits* any of the parties or the department to institute a further appeal before the board." Emphasis supplied.

The matter of appeals from referees to the board is somewhat similar to the appeals from justices of the peace to common pleas courts. In such cases the statute limits the time within which an appeal should be taken, but rules of court provide for various steps in perfecting the appeal. Generally these rules are strictly enforced by the common pleas courts, whose actions in doing so are not disturbed by this court. *Milton Bank & Safe Deposit Co. v. Beachel,* 174 Pa. Superior Ct. 276, 101 A. 2d 142.

The board cannot extend the time fixed by statute for instituting an appeal. The board, however, may provide by rules steps to be taken, to perfect an appeal, and if the rules are reasonable, the board may, in its discretion, strictly enforce such rules without interference from this court.

The claimant also contends that the record does not show notice was mailed to claimant concerning said appeal forms. The Rules of Procedure of the Unemployment Compensation Board of Review, Regulation No. 307, provide for notice to counsel as well as to the party he represents. Prompt and proper notification was given to the claimant's attorney of record. Moreover, there is a presumption that there has been compliance with the rules and that the claimant also received proper notification.

Order affirmed.