GEORGINA BAMBURGH, CLAIMANT-APPELLANT, v. BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 13, 1958—Decided January 21, 1958.

Before Judges CLAPP, JAYNE and SCHETTINO.

*Georgina Bamburgh,* claimant-appellant, *pro se.*

*Mr. Edward A. Kaplan* for respondent (*Mr. Clarence F. McGovern,* attorney).

The opinion of the court was delivered by

CLAPP, S. J. A. D.   This appeal arises in an unemployment compensation case.   On January 25, 1957, after an interview with the claimant, Mrs. Georgina Bamburgh, on that day, a deputy of the Division of Employment Security held her ineligible for benefits on the ground that she was unavailable for work and was not actively seeking it.   On the same day—according to a notation appearing on the

office copy of the notice—notice of this determination (known as the initial determination) was delivered to her.

*N. J. S. A.* 43:21–6(*b*)(2) provides in part:

"Unless the claimant or any interested party within 7 calendar days after delivery of notification of an initial determination or within 10 calendar days after such notification was mailed to his or their last-known address and addresses, files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith, * * *."

On April 8, 1957 and May 6, 1957, 2½ to 3 months later, claimant wrote letters to the Division protesting the determination. The Appeal Tribunal treated the latter letter as a notice of appeal and then dismissed the appeal as out of time. It, of course, would have come to the same conclusion had the April 8 letter been regarded as a notice of appeal. The claimant thereupon appealed to the Board of Review which also held that the appeal to the Appeal Tribunal had been out of time. However, one member of the Board dissented, relying on *Borgia v. Board of Review,* 21 *N. J. Super.* 462 (*App. Div.* 1952). Claimant then appealed to us.

The question is whether, without taking any proof, the Appeal Tribunal may rely on the above-stated record of the Division, in particular, the notation thereon that the notice of decision had been delivered to the claimant on January 25, 1957. We think it entirely clear that the Appeal Tribunal and the Board of Review may take official notice of the records of the Division pertaining to proceedings in the case, including the notation referred to. *Cf.* *Riss & Co. v. United States,* 117 *F. Supp.* 296, 304 (*D. C. W. D. Mo.* 1952), affirmed 346 *U. S.* 890, 74 *S. Ct.* 221, 98 *L. Ed.* 393 (1953); *National Auto & Cas. Ins. Co. v. Industrial Acc. Commission,* 95 *Cal. App.* 2d 10, 212 *P. 2d* 1, 4 (*D. Ct. App.* 1949). Not only may these agencies take cognizance of such records administratively and without any hearing, but they may rely presumptively upon what is stated therein. That is to say, the records establish *prima*

*facie* what they purport to show, *Claflin v. Wolff,* 88 *N. J. L.* 308, 321 (*E. & A.* 1915) ; in the common-law phrase, they import verity, until impeached. *Nugent v. Lindsley,* 97 *N. J. L.* 268, 270 (*E. & A.* 1922). The notation therefore creates a rebuttable presumption that the notice was delivered on January 25, 1957.

There is another rebuttable presumption which also leads to the conclusion that the appeal is out of time. The statute requires the claimant to be "promptly notified" by the agency of the determination, *N. J. S. A.* 43:21–6(*b*) ; and the law presumes that official duties are properly performed. *Mayor, etc., ads. State (Balten, pros.),* 32 *N. J. L.* 453, 458 (*E. & A.* 1865) ; *General Machinery & Supply Co. v. California Employment Stabilization Commission,* 80 *Cal. App. 2d* 742, 182 *P. 2d* 249 (*D. Ct. App.* 1947) ; *Marshall v. Unemployment Compensation Board of Review,* 177 *Pa. Super.* 259, 111 *A. 2d* 165 (*Super. Ct.* 1955). It is to be presumed, therefore, that the agency duly performed its duty and gave the claimant notice of the determination promptly after the determination was made; and so it follows that the appeal to the Appeal Tribunal was presumptively out of time.

*Borgia v. Board of Review,* 21 *N. J. Super.* 462 (*App. Div.* 1952), *supra* (commented on in 8 *Rutgers L. Rev.* 232 (1952)), is not to the contrary. There, as a result of proof on the part of the claimant denying receipt of any notice of the determination, the presumption resting on the notation in the record and the presumption of proper performance of official duty had been rebutted; and these presumptions as rules of law had disappeared as factors in the case. *Cf. Meltzer v. Division of Tax Appeals,* 134 *N. J. L.* 510, 512 (*Sup. Ct.* 1946) ; *In re Blake's Will,* 21 *N. J.* 50, 58 (1956). Accordingly, the court in *Borgia* remanded the matter to the Bureau to take testimony and determine whether or not in fact the notice was mailed, and if so, when. In the present case the claimant has never denied receipt of the notice of determination; in fact it may be inferred from her letters to the agency that she

did have notice of it. Neither the presumption that the notice was delivered to her on January 25, 1957, nor the presumption that she was promptly notified of the determination, have been rebutted. The appeal to the Appeal Tribunal was therefore out of time.

Affirmed.