624 A.2d 138

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Marvin BURTON, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1992.

Filed April 19, 1993.

50

Elaine M. Ross, Philadelphia, for appellant.

Kendall Zylsta, Asst. Dist. Atty., Philadelphia, for Com.

Before CAVANAUGH, BECK and POPOVICH, JJ.

POPOVICH, Judge.

The appellant, Marvin Burton, appeals the order of December 3, 1991, quashing his appeal seeking a trial *de novo* in the Court of Common Pleas of Philadelphia County. We affirm in part and remand with directions.

The record discloses that the appellant's wife obtained a protective order from abuse in May of 1991. On July 12, 1991, the appellant was arrested and charged with (indirect) criminal contempt for violating the May, 1991 protective order, which case was assigned MC [1] 9107–1995. Thereafter, a subpoena was issued directing the appellant to appear in Municipal Court for a hearing on August 15, 1991. The appellant, with counsel, appeared at the date stated and, after the taking of testimony, was found guilty by the Honorable Ida K. Chen.

After the imposition of a 60–day jail term, the judge advised the appellant of his appeal rights; to-wit:

THE COURT: ... Sir, you have just been found guilty by me of the charge of criminal contempt. *You have 30 days from today in which to appeal to the Court of Common Pleas for what is known as a trial de novo or a new trial. At that time you may proceed by way of a trial before a judge of the Court of Common Pleas or by way of a trial by jury.*

1. "MC" stands for Municipal Court.

If you elect to take such an appeal, this verdict or any sentence imposed here will be null, as though it never happened. This means that if you are found guilty after a trial in the *court of Common Pleas,* you may receive a greater sentence, lesser or the same as the sentence imposed today up to the legal maximum number.

If you wish to appeal for a trial de novo, you must file your appeal in writing within 30 days. If you cannot afford an attorney, an attorney will be appointed to represent you to file the appeal on your behalf if you so desire.

N.T. 38–39 (Emphasis added). However, after the completion of this post-verdict colloquy of appeal rights, counsel for the Commonwealth engaged in the following discourse with the judge:

MS. KING [ASSISTANT DISTRICT ATTORNEY]: ... Your Honor[,] I have spoken to Ms. Lloyd and *because the only charge that was involved here was a charge of contempt, the defendant does not have the normal rights that he would if this had been an M.C. trial. At an M.C. trial, he could have had a new trial just by asking for one, but here he does not. His recourse is to the Superior Court at this point.*

You could, if you want to, give him bail pending the appeal, but you do not have to.

THE COURT: Explain that to me again.

MS. KING: *Your Honor, in an M.C. case, usually they have an automatic right to a new trial just by asking for one, but this is not an M.C. case.*

THE COURT: *It is listed as M.C.*

MS. KING: *It is a misdemeanor charge, but under the contempt statute there is no right to a jury trial.*

THE COURT: *That is absolutely right.* Under the Protection From Abuse Act, 23 Pennsylvania Consolidated Statutes, Section 6114, this is indirect criminal contempt. But you are right, the statute actually says there is no right to a jury trial.

MS. KING: Correct. His recourse is Superior Court at this point, not to Common Pleas court for a new trial.

THE COURT: I see. In this case we only had one charge, we only had a contempt charge. It is not as if we had contempt and then also a misdemeanor—

MS. KING: Correct.

\* \* \* \* \* \*

THE COURT: Okay. Does that help you now, Counsel?

MS. ROSS [COUNSEL FOR THE APPELLANT]: Yes, it does, Your Honor. . . .

THE COURT: . . . Based on what the Commonwealth just told me—and I agree with her—under Section 6114 there is no right to a jury trial. Therefore, he has no absolute right to an automatic appeal to the Court of Common Pleas. He now only has the right to appeal to Superior Court.

\* \* \* \* \* \*

Now sir, before you leave, I want to explain to you again what your appellate rights are. I just found you guilty on the charge of criminal contempt. You have to file an appeal not to the Court of Common Pleas but to the Superior Court for an appeal. Do you understand that?

MR. BURTON: Yes.

N.T. 42–45 (Emphasis added).

Despite the trial judge informing counsel for the appellant that he *only* had a right to appeal the judgment of sentence (6 months imprisonment) for indirect criminal contempt to Superior Court, an appeal was perfected within the time allotted (30 days) to the Philadelphia Court of Common Pleas seeking a trial *de novo*.

After a hearing, the Common Pleas Court judge quashed the appeal on the grounds that it lacked jurisdiction since "Judge Chen's adjudication was to contempt only and was decided as a Common Pleas Court judge. Moreover, absent the right to a new trial before a jury, the right to appeal is vested in Superior Court. Accordingly, th[e] Court quashed the Bill of Indictment leaving the Municipal Court adjudication and transcript intact. The appropriate remedy is an Appeal to the Superior Court from Judge Chen's adjudication

of guilt on August 15, 1991." Lower Court Opinion, 4/3/92 at 3. This appeal followed.

The appellant complains that the Common Pleas Court judge erred in dismissing his appeal seeking a trial *de novo* of a contempt conviction, with a resulting 6–month prison term, entitlement to which he asserts is protected by Pa.R.Crim.P. 6001 *et seq.*

To resolve the issue at hand, we need to analyze, interpret and reconcile applicable statutes, Rules of Criminal Procedure and local rules of court. Toward that end, we begin by observing that pursuant to 42 Pa.C.S.A. § 1123(a) & (b), the jurisdiction of the Philadelphia Municipal Court is as follows:

(a) General rule.—Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), *the Philadelphia Municipal Court shall have jurisdiction of* the following matters:

(1) . . .

(2) *Criminal offenses by any person* (other than a juvenile) *for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years,* including indictable offenses under Title 75 (relating to vehicles). In cases under this paragraph the defendant shall have no right of trial by jury in the municipal court, but shall have the right of appeal for trial de novo, including the right of trial by jury, to the court of common pleas. The judges of the municipal court exercising jurisdiction under this paragraph shall have the same jurisdiction in probation and parole arising out of sentences imposed by them as judges of the court of common pleas.

(3) . . .

(b) Concurrent and exclusive jurisdiction.—The jurisdiction of the municipal court under this section shall be concurrent with the Court of Common Pleas of Philadelphia County *except with respect to matters specified in subsection (a)(2), as to which the jurisdiction of the municipal court shall be exclusive except as otherwise prescribed by any general rule adopted pursuant to section 503.*

As amended, the Act of April 28, 1978, P.L. 202, No. 53, § 10(14), 42 Pa.C.S.A. § 1123(a) & (b) (Emphasis added).[2]

However, in considering the scope of the jurisdictional "exclusivity" provisions of the Philadelphia Municipal Court, appearing in statute (42 Pa.C.S.A. § 1123) and Rule of Criminal Procedure (6001) form, we need to assess the impact of Sections 6113 and 6114 of the Protection From Abuse Act, which read in part:

§ 6113. Arrest for violation of order

(a) General rule.—An arrest for violation of an order issued pursuant to this chapter may be without warrant upon probable cause whether or not the violation is committed in the presence of the police officer....

(b) ...

(c) Procedure following arrest.—*Subsequent to an arrest, the defendant shall be taken by the police officer without necessary delay before the court* in the judicial district where the contempt is alleged to have occurred. *When that court is unavailable, the police officer shall convey the*

---

**2.** Similar language appears in Pa.R.Crim.P. 6001, which reads:

*Any misdemeanor under the Crimes Code or other statutory criminal offense for which* no prison term may be imposed or which *is punishable by a term of imprisonment of not more than five (5) years,* including any indictable offense other than a summary offense under the Motor Vehicle laws, *shall be a Municipal Court case....*

A case may be transferred from the Municipal Court to the Court of Common Pleas by order of the President Judge of the Court of Common Pleas, or his designee, upon his approval of (1) a certification by defense counsel that trial in Municipal Court will unduly delay defendant's access to a trial by jury; or (2) a certification by both defense counsel and the District Attorney that the trial of the case will be so time consuming as to unduly disrupt the business of the Municipal Court. [Emphasis added]

Also, as is herein relevant, Pa.R.Crim.P. 6006 provides:

Immediately after the imposition of sentence, the judge shall inform the defendant:

(a) in the case of a trial and verdict of guilty,

(1) of the right to appeal from trial *de novo* within thirty (30) days without costs.

(2) of the right to jury trial on appeal....

Also, Philadelphia County Local Rule of Court No. 1905.8 provides specifically that non-felony contempt charges, as was the case here, will be heard by the Common Pleas Court judge "assigned to the permanent abuse court." See Appellee's Brief at 4.

*defendant* to a district justice designated as appropriate by local rules of court or, *in counties of the first class, to the appropriate hearing officer.*

§ 6114. Contempt for violation of order or agreement

(a) General rule.—Upon violation of a protection order issued under this chapter or a court-approved consent agreement, the court may hold the defendant in indirect criminal contempt and punish the defendant in accordance with law.

(b) Trial and punishment.—A sentence for contempt under this chapter may include imprisonment up to six months or a fine not to exceed $1,000, or both, and may include other relief set forth in this chapter. *The defendant shall not have a right to a jury trial on such a charge;* however, the defendant shall be entitled to counsel.

The Act of December 19, 1990, P.L. 1240, No. 206, § 2, 23 Pa.C.S.A. §§ 6113, 6114 (Emphasis added).

In the definitional section of the Protection From Abuse Act, "Hearing Officer" is defined as:

A district justice, *judge of the Philadelphia Municipal Court,* bail commissioner appointed under 42 Pa.C.S.A. § 1123 (relating to jurisdiction and venue) and master appointed under 42 Pa.C.S.A. § 1126 (relating to masters). [Emphasis added]

■ At first blush, there appears to be a conflict between the jurisdictional perimeters of the Protection From Abuse Act (to be presided over by the Court of Common Pleas, when available, and for which a sentence of no more than six months can be issued for punishment), and the Philadelphia Municipal Court (which by statute and Rule of Criminal Procedure has exclusive jurisdiction of all crimes for which no more than a five-year term of imprisonment can be imposed). To resolve the impasse and preserve the integrity of both statutes and Rule of Criminal Procedure, we look to established principles of statutory construction to ascertain the intention of the Legislature in promulgating 42 Pa.C.S.A. § 1123 (Jurisdiction of Philadelphia Municipal Court) and 23 Pa.C.S.A. § 6113

(Court authorized to preside over indirect criminal contempt charge filed pursuant to Protection From Abuse Act).

In particular, the General Assembly, in enacting a statute, "does not intend a result that is absurd", and it "intends the entire statute to be effective." 1 Pa.C.S.A. § 1922(1) & (2) (Supp.1992). Also, "[w]henever a general provision in a statute shall be in conflict with a special provision in ... another statute, the two shall be construed, if possible, so that effect may be given to both." *Id.* at § 1933.

From our scrutiny of the statutes and procedural rules at issue, we conclude that the *specific* provision of the Protection From Abuse Act, vesting jurisdiction in the court of Common Pleas to adjudicate and impose punishment for indirect criminal contempt of an order issued pursuant thereto, takes precedence over the broader and more *general* language of the Philadelphia Municipal Court statute and Rules of Criminal Procedure which apply to the commission of any criminal offense with a penalty not exceeding five years. *Id.*; Pa. Const., Art. 5, § 10 (General Assembly has the right to determine the jurisdiction of any court or justice of the peace).

The provision in Rule 6006(a)(2), referencing a right to a jury trial upon an appeal following the imposition of sentence by a Municipal Court judge, is rendered nugatory by the Legislature's abolition of such a right in a Protection From Abuse Act context. See 23 Pa.C.S.A. § 6114(b). The absence of such a right to a trial by jury has withstood a constitutional attack. See *Eichenlaub v. Eichenlaub,* 340 Pa.Super. 552, 490 A.2d 918 (1985).

Since the Protection From Abuse Act provides specifically that its protection and violations thereof are to be, *unless the court is unavailable,* under the auspices of the *Court of Common Pleas,* the hearing before Judge Chen (as a Common Pleas Court judge) was proper and dispensed with the allowance of an appeal (a second "bite at the apple") for a trial *de novo* (in Common Pleas Court) from the adjudication of indirect criminal contempt. Cf. *Commonwealth v. Williams,* 230 Pa.Super. 344, 326 A.2d 902, 905 (1974) ("It is our holding that a defendant who obtains an original trial at the common pleas

level with a right to a jury trial [which was unexercised] may not, in the absence of a timely objection, complain that he was not afforded "two bites of the apple." Since both courts [— Municipal Court and Common Pleas Court—] are equally competent to determine guilt in a criminal case, a defendant is precluded from raising the lack of adherence to a certification rule on appeal."); 23 Pa.C.S.A. §§ 6113(c), 6114.

Thus, inasmuch as an appeal from a Municipal Court finding of guilty to the Court of common Pleas has attached to it a *right to a trial by jury,* the exception being in a Protection From Abuse Act case, the appellant's trial before a Court of Common Pleas judge for violating a protection order availed him the full panoply of rights under the law.

■ Accordingly, the appellant may not be heard to complain that he was deprived of the opportunity to obtain a trial *de novo* since the offense and the legislation germane thereto dictated the course that was pursued. We perceive no violation of either a procedural or substantive due process nature warranting the relief requested by the appellant.

■ However, our inquiry is not at an end. It is obvious to this Court that counsel for the appellant was *misinformed* by the Clerk of Quarter Sessions as to the procedural course to take following Judge Chen's imposition of sentence. In fact, counsel was in the throes of a procedural dilemma, which she explained at a proceeding at which a "notice of appeal" of Judge Chen's sentence was filed in the Common Pleas court (at the direction of the Clerk of Quarter Sessions) and assigned to the Honorable Mary D. Collins for resolution;[3] to-wit:

> There was a trial on a contempt of a protection order before Judge Chen. And the defendant was found guilty and sentenced to six months incarceration. *I attempted to file a motion for reconsideration of verdict, and I wasn't able to do that. Th[e Clerk of Quarter Sessions] wouldn't*

---

**3.** Judge Collins entered an order quashing the appellant's "notice of appeal" on the basis that the Common Pleas court was without jurisdiction to entertain the matter. N.T. 12/3/91 at 19. The present appeal followed.

*take it and no one would take it. The criminal filing office[—i.e., the Clerk of Quarter Sessions—]wouldn't take it, and they told me I had to send it to Judge Chen. Then Judge Chen wouldn't take it because she said I [had to] file it first. Then I received numerous phone calls from this office, and they told me that that was the wrong thing, that you weren't supposed to appeal to the Superior Court, that you were supposed to file a notice of appeal for a new trial before the Court of Common Pleas. And they gave me ... a Superior Court case stating that....*

    *     *     *     *     *     *

THE COURT: ... I believe you ... have a 30–day direct appeal to the Superior Court from an order of contempt *or you also have a ten-day period in which to file a motion for reconsideration.*

[Counsel for the appellant]: *That's what I attempted to do.*

THE COURT: I think that's an alternative that's available to you under the rules.

[Counsel for the appellant]: *Your Honor, that's what I attempted to do, and I wasn't allowed to file that.*

    *     *     *     *     *     *

THE COURT: You filed this ["notice of appeal" from Judge Chen's sentence] in Room 685....

[Counsel for the appellant]: Well, Your Honor, what happened was I kind of developed a rapport with that office, because first I tried to file a motion for [Judge Chen] to reconsider her sentence *and they wouldn't take it there. They said I had to give it to the Judge.* I had our messenger take it over to the Judge. They said, oh, no, the Judge can't receive anything that hasn't been filed first. *So I called the office [of the Clerk of Quarter Sessions] and I spoke to someone there who told me that I should file a notice of appeal* and read me, gave me th[e] information....

    *     *     *     *     *     *

Anyway, he told me to file the notice of appeal.

THE COURT: Okay. *So based on that information, you filed a notice of appeal using the MC Court number. It is an appeal [seeking a new trial] from Judge Chen's finding of contempt.*

[Counsel for the appellant]: *That's correct.*

N.T. 12/3/91 at 2–3, 6, 12–13 (Emphasis added).

In light of the *misinformation* provided by the Clerk of Quarter Sessions, and that office's refusal to accept a motion for post-verdict relief on behalf of the appellant, we equate the same with a break-down in the judicial machinery warranting a remand to afford the appellant the occasion to achieve his initial objective of attaining post-verdict consideration of Judge Chen's judgment of sentence. See *Clark v. Wallace,* 3 P. & W. 441 (1832); *Marshall v. Unemployment Compensation Bd. of Review,* 177 Pa.Super. 259, 111 A.2d 165 (1955); 2 P.L.E. Appeals, § 192.

In other words, to remedy this procedural mis-step short-circuiting the appellant's right to post-verdict review, which would be stymied were we merely to affirm the order appealed, we deem it prudent to remand to afford the appellant the occasion to do that which he had intended all along, i.e., to have his post-verdict motions heard by the jurist who rendered the verdict and imposed sentence.

Toward that end, and in the exercise of equitable jurisprudence, we deny that portion of the appellant's appeal requesting a new trial on jurisdictional grounds, but we remand to avail the appellant the opportunity (within thirty days of the filing of this opinion) to file his post-verdict motions *nunc pro tunc* with the Clerk of Quarter Sessions of Philadelphia County. Id.

Order affirmed in part, and the case is remanded for proceedings more fully discussed herein. Jurisdiction is not retained.[4]

4. We addressed the claim proffered, opting not to quash it as untimely as being taken from the order entered by Judge Collins dated December 3, 1991, instead of Judge Chen's judgment of sentence, because it raised a jurisdictional question. Cf. *Turner v. May Corp.,* 285 Pa.Super. 241,

427 A.2d 203 (1981) (Subject matter jurisdiction may be raised *sua sponte* by a court).